## Brown's Estate.

*Taxation—Collateral inheritance tax—Decedent's estates—Wills—Life tenants—Income and principal.*

Where the corpus of an estate is committed to the executors in trust to collect the income, " and after taking any and all necessary expenses, to divide the said net income in equal shares among " certain persons named for life, the collateral inheritance tax, New York state transfer tax and United States war tax are not payable out of the principal of the estate, but are to be deducted by the trustees from the gross income, after which the net income is to be divided in equal shares among the life tenants.

Argued Jan. 25, 1903. Reargued Jan. 5, 1904. Appeal, No. 45, Jan. T., 1903, by John A. S. Brown, from decree of O. C. Phila. Co., Oct. T., 1902, No. 420, dismissing exceptions to adjudication in estate of Lucien Brown, deceased. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Exceptions to adjudication.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in dismissing the following exceptions to the adjudication:

1. Because the learned auditing judge erred in deducting the collateral tax, New York transfer tax and United States war tax due upon the legacies of the various legatees respectively as stated in the account from their respective shares of income notwithstanding the directions of the will "after de-

ducting any and all necessary expenses to divide the said net income in equal shares among the following named persons, to wit," etc., and in transferring the said charges for taxes from principal as credited in the account to income account thereby making the said taxes a charge upon the income of the various legatees respectively.

2. Because the learned auditing judge erred in deducting war tax, collateral tax, New York state transfer tax from the share income of the accountant as legatee instead of charging the same to the account of principal under the provisions of the will.

*John G. Johnson*, with him *William S. Divine*, for appellant, cited : Bispham's Est., 24 W. N. C. 79 ; Haynes v. Haynes, 3 De Gex, Macnaghten & Gordon, 590 ; Marris v. Burton, 11 Simons, 161.

No paper-book filed nor appearance entered for appellee.

OPINION BY MR. JUSTICE MESTREZAT, February 22, 1904 :

By his will, dated January 31, 1898, Lucien Brown directed the payment of his debts and personal expenses and then provided as follows : "All the rest, residue and remainder of my estate, real, personal and mixed, whatsoever and wheresoever situate, I give, devise, and bequeath unto my executors hereinafter named, in trust, to hold, invest and keep the same invested, with power to change and alter my securities or any reinvestments thereof, and to collect, recover and receive the interest and income, rents, issues and profits thereof, as the same shall accrue, and after taking any and all necessary expenses, to divide the said net income in equal shares among " certain persons named by him. He then directs the net income of his estate to be distributed among four classes as follows : (1) A sister and brother ; (2) widows of deceased brothers surviving him ; (3) nephews and nieces living at the time of his death ; (4) children of his nephews and nieces who shall attain the age of twenty-one years. At the death of the last surviving nephew or niece, the principal of the estate is to be distributed among grandnephews and grandnieces then living and issue, per stirpes, of such as shall be dead.

The executor and trustee filed an account in which he took credit for payment of the collateral inheritance tax, New York state transfer tax and United States war tax out of the principal of the estate. On the audit of the account, the auditing judge held that these taxes were not payable out of the principal, but out of the income, of the estate, and that from each legatee's share of the income should be deducted his proportionate share of the taxes. The appellant filed exceptions to the adjudication which the court in banc so far modified as to direct the taxes to be paid out of the general income of the estate before distribution thereof, instead of being deducted from the share of the net income due each legatee. The appellant has appealed from this decree and claims that the court erred in dismissing his first and second exceptions to the adjudication which alleged error by the auditing judge in charging the collateral tax, New York state transfer tax and United States war tax due upon the legacies of the various legatees, to the income account instead of to the principal account. The single question raised by this appeal is, therefore, whether these taxes should be paid out of the principal or out of the income of the estate.

It is properly conceded by the learned counsel for the appellant that the authorities sustain the proposition that the direction in the testator's will to deduct " any and all necessary expenses " is sufficient to include the payment of the taxes charged upon the legacies. It is contended, however, that under the phraseology of the will the taxes cannot be charged upon the income of the estate; that it being admitted that it was the intention of the testator to relieve the legatees from the tax individually, it is not logical to make the legatees collectively pay it out of the gross income, and that to do so imposes the payment of the taxes inequitably upon the various legatees.

We think, however, that the argument of the learned counsel does not present sufficient reasons to warrant the court in disregarding what seems to be the clear intention of the testator as ascertained from the language of his will. If the decree of the court below, from which this appeal was taken, produces the inequality suggested in the argument, it is the fault of the testator and not of the court. His will must control the dis-

tribution of the estate, and when his language is clear and explicit, his intention thus plainly expressed must be obeyed regardless of any apparent or real inequalities produced among the legatees.

Unless otherwise directed by the provisions of the will or the intention of the testator to the contrary is plainly inferable therefrom, a collateral or succession tax is chargeable against, and payable out of, the legacies by the respective legatees. The statute imposes the duty on the executor or administrator of deducting the tax from any legacy or share in the distribution of the estate before paying it to the beneficiary. But in the case in hand, it is apparent from the will, that the testator, whatever inequality it may produce, intended that the tax should be charged against the income of the estate before distribution should be made to the legatees. The first clause of the will directs the payment of the testator's debts and funeral expenses out of the corpus of the estate. Thereafter, the residue of all his estate is devised to his executors in trust to collect the income as the same shall accrue. The testator then directs to whom the income shall be distributed. The first charge he imposes on it is " any and all necessary expenses." The will says: "and after deducting any and all necessary expenses, to divide," etc. As observed above, it is conceded this language includes collateral and war taxes. No distribution of the income from the estate is to be made, therefore until these expenses have been deducted therefrom. It is not until after this provision of the will that the testator designates the legatees and what they shall receive. After the payment of these expenses, the testator directs his executors " to divide the said net income in equal shares, among the following named persons." Again the language of the testator is explicit and its meaning easily understood. The net income is to be paid the legatees and it is to be ascertained and determined by deducting " any and all necessary expenses " from the gross income which the will authorizes the executors to collect and receive from the estate. The testator thus directs the method by which the net income distributable to his legatees shall be ascertained. The language of the will, therefore, leaves no doubt as to the testator's intention that the taxes should be paid out of the gross income of the estate.

Under our interpretation of the will, the life tenants will pay the taxes on the income in equal proportions. They would pay in unequal portions if each paid on the appraised value of his interest. But if we adopt this rule and subject each legatee's interest to the payment of its share of the taxes, we are then met with the explicit direction of the will that "the said net income" shall be equally divided among the legatees. This cannot be done, if the respective life interests are to pay the taxes in proportion to their appraised value. The statutory provision, as we have seen, requires the executor to withhold the tax, and after deducting it from the legacy, to pay the residue to the legatee. This, if done here, would produce inequality among the life tenants and hence be a violation of the positive direction of the will "to divide the said net income in equal shares" among the persons named by the testator. The error into which the appellant has fallen arises, we think, from the fact that he overlooks the provision of the will that it is the net, and not the gross, income that is to be divided equally among the beneficiaries.

We agree with the court sitting in banc that there is nothing in the case which will relieve the income from the payment of the taxes on the life interests at the expense of the principal of the estate. The corpus of the estate is committed to the executors in trust to collect the income and after deducting the expenses, which include these taxes, to divide the net income among the life tenants. The language used by the testator cannot reasonably be construed to charge the principal of the estate with the taxes due on the life interests in the income. These taxes are imposed upon the income, which is to be divided among the life tenants, and not upon the principal which, at the death of the last surviving nephew or niece, goes to the remaindermen who, under the act of 1887, must then pay a tax upon the principal. If these taxes are paid out of the principal, the effect would be to relieve the life tenants from the taxes charged against their interests and to compel the remaindermen to pay them as well as the taxes on the principal when the remaindermen come into possession of it.

The assignments are overruled and the decree is affirmed.