## Croxton's Estate.

*Wills—Additional legacy—Terms and conditions of original legacy—Clear of inheritance tax—Inheritance tax—Taxation—Presumption.*

1. An additional legacy, given by a will to one to whom a legacy had been previously given thereby, is prima facie subject to the same incidents and conditions as the original legacy.

2. The mere failure to repeat, in the gift of the additional legacy, the incidents and conditions set forth in the original gift, does not affect the presumption.

3. Where the original legacy is given free and clear of all inheritance tax, the additional legacy will, prima facie, be considered as also given free and clear thereof, though it is not expressly so stated in the will.

Argued April 19, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 158, Jan. T., 1927, by Gertrude Marvin Dodge, ultimate residuary legatee, from decree of O. C. Phila. Co., July T., 1925, No. 2052, dismissing exceptions to adjudication, in estate of Gertrude B. Croxton, deceased. Affirmed.

Exceptions to adjudication by HENDERSON, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Gertrude Marvin Dodge, ultimate residuary legatee, appealed.

*Error assigned,* inter alia, was decree, quoting record.

*F. C. Schaeffer,* of *Powell, Ludlow & Schaeffer,* for appellant.—It is a well established rule of law that each legatee and devisee shall bear the tax on his respective legacy or devise, and that the residuary estate shall not be liable therefor, unless it is otherwise directed by the explicit provisions of the will in clear and express words or necessary implication therefrom: Brown's Est., 208 Pa. 161; Jones's Est., 12 Pa. Dist. R. 83; Shippen v. Burd, 42 Pa. 461.

*Henry S. Drinker, Jr.,* with him *Charles J. Biddle* and *Dickson, Beitler & McCouch,* for appellee, cited: Phillip's Est., 1 Pa. Dist. R. 311; Whitaker's Est., 6 Pa. Dist. R. 140.

OPINION BY MR. JUSTICE SIMPSON, May 9, 1927:

In the preliminary part of the residuary clause of testatrix's will, she says: "I direct that in case of insufficiency of funds the first-mentioned [gift of a part of the residue] be paid in full, and so on until such no longer remains possible, when the next beneficiary in order named is to receive on account of his or her or its bequest, all the balance of such funds." There are seven separate and distinct gifts of portions of the residue, with the 4th, 5th and 6th of which only are we now concerned.

The 4th is as follows: "(d) To the Toledo Hospital, its successors and assigns, a corporation established by law of the Commonwealth of Ohio, and located in the said City of Toledo, Ohio, I give and bequeath the sum of $100,000 free and clear of all inheritance tax, to be invested and preserved inviolably for the endowment and maintenance of a training school and home for nurses."

By the 5th section, testatrix gives $10,000 to be divided among three relatives, one of whom is this appellant, and then provides in the 6th section: "(f) To the said Toledo Hospital its successors and assigns, for the purpose mentioned in section 'd' but no other, as an additional bequest, all of the balance of said proceeds, if there be any, up to, but not exceeding, the sum of $50,000."

The only question raised on this appeal is whether or not the Pennsylvania collateral inheritance tax on the $50,000 gift must be deducted from the principal of the gift, before payment to the hospital. The court below held it should not, the auditing judge (his language being later adopted by the court in banc) saying: "It is well settled that additional legacies are prima facie subject to the same incidents and conditions as the original legacy. In Theobald on Wills (6th ed.), chapter 20, V. page 160, it is said: 'As a rule substituted or additional legacies are subject to the same conditions as the original legacies, for instance, as regards freedom from legacy duty,' citing in support thereof Earl of Shaftesbury v. Duke of Marlborough, 7 Sim. 237, which was a case of an augmented legacy; Cooper v. Day, 3 Mer. 154; and Fisher v. Brierley, 30 B. 267, which was a case of a substituted legacy. And to the same effect see Hawkins on Wills (Am. ed.) 306, wherein it is said: 'An added or substituted legacy is prima facie payable out of the same funds and subject to the same incidents and conditions as the original legacy.' See also Phillip's Est., 1 D. R. 311; Williams on Executors, 1040; Page on Wills, par. 800; and Werner on Wills, page 1522......The Pennsylvania inheritance tax on the $50,000 legacy will also be paid......[from the last payment to be made] out of the residuary estate."

Appellant, who is the ultimate residuary legatee, admits that the rule is as stated, but alleges it is not applicable here, because this will discloses a contrary intent. She claims that this results because the earlier

gift of $100,000 is expressly declared to be "free and
clear of all inheritance tax," whereas the additional gift
of $50,000 contains no such provision; and hence, she
argues, it necessarily follows that testatrix must be pre-
sumed to have had a different intention, in this respect,
in regard to the latter than she had in regard to the
former. To this we cannot agree. To sustain it, would
wholly destroy the rule; for, if the same statement ap-
pears in a second gift, the rule can have no applicabil-
ity thereto; whereas, if the failure to restate it, deter-
mines that it was not intended to apply to that gift, then
also the rule has no relevancy to this status. Hence,
in either event, there would be nothing to which the rule
could apply.

But appellant asks also, why, if testatrix intended the
$50,000 gift to be free of the tax, did she not make a
single gift of $150,000? The answer to this is given in
the foregoing quotation from the preliminary part of the
residuary paragraph, and in the sixth section itself,
where the "additional bequest" is stated to be of "all of
the balance of said proceeds, *if there be any,* up to, but
not exceeding, the sum of $50,000." Under these pro-
visions, it is clear testatrix intended the $100,000 gift
should be paid in full before anything should be given
on account of the $10,000 legacy, mentioned in the inter-
vening section, and that, in turn, this latter gift was to
be paid in full before any part of the gift of $50,000. As
it turned out, the estate was large enough to pay all
three of these legacies, and the tax thereon, but the will
was drawn to protect against the possibility that it
might not be.

It is clear to us that, so far as concerns the freedom
from payment of the Pennsylvania collateral inheritance
tax, specified in the earlier gift, it applies, by virtue of
the rule, to the additional bequest to the same legatee.

The decree of the court below is affirmed, and the ap-
peal is dismissed at the cost of the appellant.