## North's Estate

704

Before Sinkler, acting P. J., Klein, Bolger, Ladner, and Hunter, JJ.

*Boyd Lee Spahr, C. Leo Sutton, Elmer A. Schroeder,* and *Robert W. Archbald, Jr.,* for exceptants.

*John C. Noonan* and *Thorpe Nesbit,* of *Weill, Nesbit & Lisenby,* contra.

KLEIN, J., April 28, 1944.—We all agree with the hearing judge that the Tax Apportionment Act of July 2, 1937, P. L. 2762, has no application to the present case, as the testatrix has in her will plainly desig-

nated the manner in which the Federal estate taxes are to be paid.

In our opinion, the direction to pay the estate taxes "out of the corpus or principal of my residuary estate" indicates that testatrix intended that all taxes be paid in full before distribution is made of the residue. This conclusion is strengthened by testatrix's obvious desire for equality in distribution among the various legatees. After bequeathing one half of the "rest, residue and remainder" of her estate to her two cousins, she directed a division of the "remaining one half" into "seventeen equal parts or shares" among the specified individuals and charities. Each of these shares was the subject matter of a separate paragraph commencing with the phrase "One equal part or share thereof I give, devise and bequeath to : . ." She thus emphasized, not once, but repeatedly and separately for each gift, that she intended the shares of all of the beneficiaries to be equal in amount. If we adopt exceptants' contention, distribution would be made in unequal amounts as the net shares of the charities would be greater than those of the individual beneficiaries. We cannot permit this result without doing violence to testatrix's clearly-expressed intention see Brown's Estate, 208 Pa. 161 (1904).

The exceptions are therefore dismissed.