Benat, Appellant, *v.* Mutual Benefit Health & Accident Association.

548

Argued December 16, 1959.  Before RHODES, P. J.,
HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WAT-
KINS, JJ.

*Robert H. Malis,* with him *David S. Malis,* and *Malis, Malis & Malis,* for appellant.

*Walter B. Gibbons,* for appellee.

OPINION BY WRIGHT, J., March 24, 1960:

William F. Benat filed a complaint in equity against Mutual Benefit Health and Accident Association, hereinafter referred to as Mutual, seeking to secure a judicial declaration that a certain government employes' policy of insurance was in full force and effect, and to compel the acceptance of renewal premiums tendered thereon. Mutual filed an answer to the complaint, and the matter was submitted to the hearing judge upon the pleadings as offered in evidence. The hearing judge subsequently entered an adjudication with decree nisi dismissing the complaint. Benat's exceptions to the adjudication were dismissed by the court en banc, and the decree nisi was entered as the final decree. Benat has appealed.

The record discloses that appellant was formerly employed by the United States Government and is now over seventy years of age. On August 17, 1942, appellant applied for and Mutual issued a policy providing benefits for certain losses by accidental means or by sickness. Appellant's initial payment covered insurance to December 1, 1942, and the policy as issued re-

quired quarterly payments of $8.25, commencing on that date. Clause (e) of the additional provisions in the policy provides, inter alia, as follows: "The acceptance of renewal premiums shall be optional with the association". Paragraph 15 of appellant's application for the policy contained a statement that he had previously undergone a hernia operation with the result a "complete success". Under date of August 5, 1944, Mutual submitted and appellant executed a specific disability elimination rider which is set forth in the footnote.[1] The policy thereafter remained in full force and effect until September 1, 1957 when Mutual refused to accept the premium due on that date.

It is conceded by appellant that, prior to the execution of the specific disability elimination rider, "the policy was cancellable at any renewal date by the mere expedient of the company refusing to accept the stated premium". However, appellant contends that the specific disability elimination rider converted the policy from a cancellable to a non-cancellable contract. On the other hand, the position of Mutual, sustained by the court below, is that the policy continued to be a term contract, that its renewal option was not affected by the specific disability elimination rider and was valid and enforceable.

We are of course in agreement with appellant's contention that an insurance policy is to be construed

---

[1] "It is agreed that payment will not be made under my Policy, No. SEA2-203984-42 on account of disability resulting from adhesions, peritonitis, or hernia at or near incisional scar. The consideration for this rider shall be the acceptance of any renewal or reinstatement premium on said policy and this rider shall become effective on date of next premium payment on said policy, except that it shall be without prejudice to any claim now pending. A copy of this rider has been received by me and I agree to consider same a part of the policy of insurance and to attach the copy hereof to said policy".

most strongly against the insurer who has prepared it and, if there is any doubt or ambiguity as to its meaning, the doubts or ambiguities will be resolved in favor of the insured. See *Blue Anchor Overall Co. v. Pennsylvania Lumbermens Mutual Ins. Co.*, 385 Pa. 394, 123 A. 2d 413; *Cadwallader v. New Amsterdam Casualty Co.*, 396 Pa. 582, 152 A. 2d 484. However, courts may not raise a doubt or ambiguity when none exists: *Westbrook v. Continental Life Ins. Co.*, 111 Pa. Superior Ct. 563, 170 A. 395. Language which is clear and unambiguous cannot be construed to mean otherwise than what it says: *Urian v. Scranton Life Ins. Co.*, 310 Pa. 144, 165 A. 21.

One of the conditions precedent to the renewal of appellant's policy for subsequent quarterly periods was the payment in advance and acceptance by Mutual of the required $8.25 quarterly premium. The renewal option simply means that the policy terminates at the expiration of each quarterly period for which a premium has been accepted, and that additional quarterly periods constitute new contracts. Such an interpretation was recognized in *MacDonald v. Metropolitan Life Ins. Co.*, 304 Pa. 213, 155 A. 491. That case dealt with the reinstatement of an expired policy and our Supreme Court held that, where reinstatement is optional with the insurance company, the act of reinstating the policy constitutes a new contract extending from the date of the acceptance of the renewal premium. Similar language in renewal options has without exception been declared unambiguous and clearly enforceable in other jurisdictions. See the annotation following the report in 119 A.L.R. 525 of *Prescott v. Mutual Benefit Health and Accident Assoc.*, 133 Fla. 510, 183 So. 311.

Appellant's principal contention is that, "by agreeing to accept any premium in consideration of the rider eliminating certain coverage from the policy, appellee

here agreed to accept every premium tendered to it by the appellant". He argues that the word "any" must be interpreted in the sense of "all" or "every", citing *Glen Alden Coal Co. v. Scranton City*, 282 Pa. 45, 127 A. 307; *Harper v. Consolidated Rubber Co.*, 284 Pa. 444, 131 A. 356; and *Pa. L. R. B. v. Rooney*, 389 Pa. 587, 133 A. 2d 533. In those cases the word "any" was construed to have a comprehensive meaning, but they are completely inapposite so far as the language of the present specific disability elimination rider is concerned. As pointed out in *Commonwealth v. Heller*, 219 Pa. 65, 67 A. 925, the word "any" "may include all, but does not necessarily do so".

The word "any" is defined by Webster as "one indifferently out of a number". It is an indefinite pronominal adjective used to designate things in a general way without pointing out any one in particular: *Elliott v. Pikeville National Bank & Trust Co.*, 278 Ky. 325, 128 S.W. 2d 756. The word implies singularity in number, or selectivity among a number: *U. S. v. St. Clair*, 62 F. Supp. 795. See also *Chicago & Calumet Dist. Transit Co. v. Mueller*, 213 Ind. 530, 12 N.E. 2d 247. It is therefore apparent that the word "any" is not susceptible of a categorical definition meaning "all" or "every" as appellant contends. The significance of the word "any" is discoverable in its context: *Presbyterian Church v. Philadelphia School District*, 171 Pa. Superior Ct. 610, 91 A. 2d 372.

The rider here under consideration was attached to the policy for the purpose of limiting the extent of Mutual's liability. This is conceded by appellant. At the time the rider was attached, Mutual had the option to refuse to accept further premiums. It chose to continue appellant's coverage subject to the elimination by rider of claims resulting from adhesions, peritonitis, or hernia at or near the incisional scar. Ac-

cording to its express terms, the rider did not become effective until the date of the next premium payment. The question whether or not, under such circumstances, the rider constituted a valid limitation of Mutual's liability is presently not before us. The controlling aspect of the rider as an answer to appellant's contention in the case at bar is the entire absence therein of any agreement to accept renewal or reinstatement premiums.

Appellant argues that, unless the word "any" is construed to mean "all", the rider was unsupported by consideration, citing *Com. Tr. Co. Mtge. Invest. Fund Case*, 357 Pa. 349, 54 A. 2d 649. While we are not persuaded by this argument, the question of consideration need not be here decided. In his supplemental brief appellant cites *Rice v. Provident Life and Accident Ins. Co.*, 231 Mo. App. 560, 102 S.W. 2d 147, and *Cohen v. The Mutual Benefit of Omaha*, 194 F. 2d 232, wherein the Court of Appeals of the Eighth Circuit felt "bound to follow" the *Rice* case.[2] Assuming arguendo that the reasoning of the court in the *Rice* case was correct, of which we have serious doubt, it is not apposite in the instant situation. Mutual is not here attempting to set up the rider as a defense to a claim by appellant for disability. The rider must be read in the light of its plain terms, and the language used must be given its ordinary meaning and effect. We are all of the opinion that the attachment of the rider did not invalidate Mutual's renewal option.

Decree affirmed.

---

[2] "We do not intimate what our view might be if we were not bound to follow the State law as nearly as we can predict it from the material at hand".