## Belefski Estate.
## Elward Estate.

Argued November 13, 1963. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Vincent X. Yakowicz,* Deputy Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellant.

*Albert N. Danoff,* with him *Patrick J. Toole, Jr.* and *Joseph F. Gallagher,* for appellees.

OPINION BY MR. JUSTICE JONES, January 23, 1964:

These appeals present one narrow issue: whether Section 18 of the Public School Employes' Retirement Act (Act),[1] exempts from inheritance taxation proceeds of the Retirement Fund (Fund), established under the Act, when such proceeds are payable and paid to the legal representative of a deceased contributor to the Fund and, thereafter, pass to those entitled thereto under the Wills Act or the Intestate Act.[2]

Although each appeal arises in a separate estate, the factual background in both estates is identical insofar as disposition of both appeals is concerned. Both Mary Belefski and Helen Elward, at the times of their respective deaths, were public school teachers in active service and members of and contributors to the Fund. Each decedent had exercised an option provided by the Act and had designated a beneficiary to receive the Fund benefits but such designated beneficiary had predeceased the decedent. On decedent's death, the Fund benefits were paid to decedent's legal representative in accordance with the provisions of the Act.

In each estate, the Commonwealth included the proceeds received by the legal representative from the Fund among the assets of the decedent's estate in arriving at the balance of such estate upon which the inheritance tax was appraised. In each estate, an appeal was taken from the tax appraisal to the Orphans'

---

[1] Act of July 18, 1917, P. L. 1043, §18, as amended, 24 P.S. §2140.

[2] Wills Act of April 24, 1947, P. L. 89, 20 P.S. §180.1 et seq; Intestate Act of April 24, 1947, P. L. 80, 20 P.S. §1.1 et seq.

Court of Luzerne County and that court decreed that the proceeds received from the Fund were exempt from inheritance taxation under Section 18 of the Act. From both decrees the Commonwealth has appealed.

Determination of the issue on these appeals depends upon the interpretation and construction of §18 of the Act which provides, inter alia: "Exceptions from taxation, garnishment, etc. The *right of a person* to an employe's annuity, a State annuity, or retirement allowance, to the return of contributions, any benefit or right accrued or accruing to any person under the provisions of this act, and the moneys in the fund created under this act, are hereby *exempt from any State or municipal tax,* and exempt from levy and sale, garnishment, attachment, or any other process whatsoever, and shall be unassignable, except as in this act specifically otherwise provided, . . . ." (Emphasis supplied).

At the outset it must be noted that the Commonwealth concedes that, had the designated beneficiary in each instance survived the decedent, the proceeds of the Fund which would have been paid to such designated beneficiary would not have been subject to an inheritance tax. The rationale of the Commonwealth in taking this position is that the "right" of the designated beneficiary arises under the Act, that such designated beneficiary *alone* becomes entitled to the proceeds from the Fund, and such proceeds never become a part of the decedent's *estate,* subject to the claims of creditors and inheritance tax. Apparently, the basic distinction drawn by the Commonwealth is that (1) where a beneficiary is designated and survives decedent, the proceeds from the Fund are paid directly to such beneficiary, whereas (2) if no beneficiary is designated or if the designated beneficiary predeceases the decedent, the proceeds are paid to the legal representative of the decedent's estate and, upon such payment, the proceeds lose their identity as retirement funds.

The Commonwealth's contention is two-fold: (a) that the nature of an inheritance tax is such that it is "really not a tax at all in the ordinary meaning of the word, but rather a distributive share of the estate which the State retains for itself" and an inheritance tax is not "a tax on the decedent's property . . . or on the transaction of transferring it . . . but an excise on the privilege of inheritance" (*Tack's Estate,* 325 Pa. 545, 548, 191 A. 155) and, therefore, an inheritance tax is not a "State tax" within the language of the exemption clause of §18; (b) even if such exemption clause be construed to embrace an inheritance tax, the proceeds from the Fund were paid to the decedent's *estate* and, upon such payment, the *estate* became the owner of the proceeds and *it is the devolution of such proceeds* from the estate to those persons entitled, either under decedent's will or the intestate laws, which is taxable for inheritance tax purposes.

*Tack's Estate,* supra,—upon which the Commonwealth relies so heavily—determined a very narrow issue: whether "the tax imposed by the Act of 1919 [the inheritance tax statute] is a tax upon the *transfer* of" certain Delaware River Bridge Joint Commission bonds issued under the authority of identical statutes of Pennsylvania and New Jersey. Both enabling statutes provided, inter alia: "the bonds . . . issued by the commission, their transfer and the income therefrom (including any profits made on the sale thereof), shall, at all times, be free from taxation within [Pennsylvania and New Jersey]" and each bond contained a clause stating that, under the enabling statutes, "this Bond is exempt from taxation." The decisional point in *Tack's Estate* was that an inheritance tax was not a tax on the *transfer* of these bonds within the meaning of the exemption clauses of the enabling statutes. The rationale of the Court was that an inheritance tax is not a tax either on the *property* of a decedent or on

the *transfer* of such property but on the *right of succession or of inheritance* of the estate of a decedent, hence, not within the provisions of the exemption clause of the enabling statutes. With such holding and rationale we are in full agreement. If the wording of §18 does not exempt a State tax on the right of succession to, or of inheritance of, the proceeds received from the Fund, then clearly *Tack's Estate* requires that an inheritance tax be paid on the proceeds received from the Fund in the case at bar.

The Commonwealth further places great reliance on *Estate of Simpson,* 43 Cal. 2d 594, 275 P. 2d 467, a 4-3 decision of the Supreme Court of California. The decisional point in *Simpson* was that, under the *wording* of the exemption clause in the California County Employes' Retirement Law, where a county employee died having designated his widow as his beneficiary to receive death benefits under the statute, the benefits which the widow, as designated beneficiary, received were subject to the payment of an inheritance tax. *Simpson* is presently inapposite. In the first place, in holding that a designated beneficiary under the retirement statute must pay an inheritance tax on the proceeds received by such beneficiary from the retirement fund, *Simpson* takes a position directly contrary to that now taken by the Commonwealth, i.e., that, under such circumstances, the proceeds received by a designated beneficiary are not subject to inheritance taxation. In the second place, the California statute employed the language "exempt from taxation, whether state, county, municipal or district" whereas the language in our statute reads "exempt from *any* State or municipal tax."[3] In fact, as the opinion in *Simpson* clearly and explicitly indicates, the Court deemed of great significance the fact that the Cali-

---

[3] Emphasis supplied.

fornia legislature had not adopted the language of the exempting clause in the New York retirement statute—"exempt from any state or municipal tax"—which had been construed by the New York courts as exempting retirement benefits from inheritance taxation. The Court in *Simpson* considered the word "any" as "a word broad enough to comprehend, in its enlarged and plural sense, all state or municipal taxes without limitation" and noted that the California legislature "chose not to include the word 'any' in the tax exemption clause, a deletion consistent with an intent to effect a different application."[4] In this respect, *Simpson* supports the appellees', rather than the Commonwealth's, construction of the wording of §18.

Critical in determination of these appeals is the exact language of the exemption clause of §18. That which §18 exempts from "any State or municipal tax" is the "right of a person" to certain specifically named benefits under the Act which benefits fall into six categories. Four of the six categorized benefits receive specific definition in the Act while two of such categorized benefits are not so defined.[5] Bearing in mind the statutory definitions of the benefits in the first

---

[4] It is to be noted that, following the decision in *Simpson*, the California legislature amended the retirement statute "to express exemption of county employees' retirement rights and funds as embracing 'any inheritance tax' ": *In Re Wyman's Estate*, 25 Cal. Rptr. 280, 282 (October, 1962). *Wyman's Estate*, also construed, as did *Simpson*, the word "any" as "all".

[5] An "Employes' Annuity" means payments for life derived from contributions made by a contributor under the Act: §1, (21), 24 P.S. §2081. A "State Annuity" means payment for life derived from contributions made by the Commonwealth under the Act: §1, (20), 24 P.S. §2081. "Retirement Allowance" means the "State Annuity" plus the "Employes' Annuity": §1, (22), 24 P.S. §2081. "Return of contributions" refers to the right to withdraw from the Fund the accumulated deductions if a contributor is separated from school service for reasons other than death or retirement: Act of September 26, 1951, P. L. 1450, No. 353, §7, 24 P.S. §2125.

four stated categories, it is obvious that the "right of a person" under the exempting clause to such benefits refers to the "right" of a *living* contributor to the Fund, a "right" not presently in issue. An analysis of §18, construed in the light of and in connection with other provisions of the Act, discloses that the words, "any benefit or right accrued or accruing to any person under the Act" mean and include the benefit or right accrued or accruing to any contributor as well as to any beneficiary. In other words, this benefit or right accrues not only to any contributor but also to any "person", i.e., any beneficiary and any person who acts for a living contributor (i.e., a guardian for a living contributor) or to a person who acts for a deceased contributor to the fund (i.e., a designated beneficiary or the legal representative of a deceased contributor). The sixth category refers and is limited to "moneys in the fund created under the Act," and the right thereto and such fund and the moneys therein and the right thereto are likewise specifically exempt from *any* State or municipal tax.

Our analysis of the wording of §18, construed in the light of other provisions of the Act, clearly indicates that the "person" whose "right" is exempted from "any" state tax is (1) a *living* contributor to the Fund under the first four categories of benefits, (2) either the "person" acting for a *living* contributor or the designated beneficiary or the "legal representative" of a *deceased* contributor under the fifth category of benefits and (3) the right to "moneys in the Fund created under the Act," under the sixth category of benefits. Insofar as the benefits mentioned under the fifth and sixth categories be concerned, in the case of a *deceased* contributor, it was clearly the legislative intent to exempt from state taxation the *right of succession* to the proceeds of the Fund either by a designated beneficiary or by those who take, either under the Wills

Act or the Intestate laws, the ultimate distribution of such proceeds. As a matter of fact, insofar as a designated beneficiary is concerned, the Commonwealth itself construes the language of §18 to constitute an exemption of inheritance taxation on the *right of succession* to the proceeds of the Fund by such designated beneficiary and such construction by the Commonwealth has long prevailed. This position of the Commonwealth is significant; even if we were to adopt the position of the Commonwealth (which we do not) that the language of §18 is not clear and explicit, "the contemporaneous construction of [§18] by those charged with its execution and application [the Commonwealth], especially when it has long prevailed, is entitled to great weight and should not be disregarded or overturned except for clear language in the Act itself or very strong cogent and convincing reasons. [citing cases]": *Loeb Estate,* 400 Pa. 368, 373, 162 A. 2d 207; *Pickering Estate,* 410 Pa. 638, 650, 651, 190 A. 2d 132. The Commonwealth would have the exempting language of §18 depend upon the survival of the designated beneficiary, a result clearly not within the legislative contemplation.

The Commonwealth further urges that, even though it be conceded that the language of §18 grants an exemption from inheritance taxation even where there is either no designated beneficiary or the designated beneficiary has predeceased the contributor to the Fund and the proceeds of the Fund are payable to the legal representative of the estate of the deceased contributor, once the proceeds from the Fund are paid to the "legal representative" of the deceased contributor's estate the exemption, at the time of such payment, ceases to apply and those to whom such proceeds are distributed, through the medium of the estate, must pay an inheritance tax on such proceeds. Such contention renders meaningless and unreasonable the legislative intent.

In the absence of a living designated beneficiary, the Act provides that the proceeds from the Fund are to be paid to the "legal representative" of the deceased contributor's estate. It has long been settled—many years prior to passage of the Act—that while it is the duty of the "legal representative" of a decedent to make sure that an inheritance tax appraisal is proper and that the tax, when settled, is paid, the duty of actual payment of the tax falls upon those persons entitled to distribution of the estate and not upon the "legal representative": *Brown's Estate,* 208 Pa. 161, 57 A. 360; *Croxton's Estate,* 289 Pa. 433, 137 A. 608; *Loeb Estate,* supra. When the legislature passed the Act and the amendments thereto, it can be assumed that the legislature knew that the responsibility for the actual payment of inheritance taxes was not upon the "legal representative" of the estate but upon those entitled to distribution of the assets of the estate. If we were to adopt the Commonwealth's contention, we would be led to conclude that the legislature intended to exempt from payment of inheritance taxes on the proceeds of the Fund the "legal representative" of the estate who had no duty to pay such taxes but not to exempt those persons upon whom did rest the duty of payment of inheritance taxes. Such a construction of the exemption clause would be absurd and cannot be ascribed to the legislative intent. The only sound construction is that the legislature intended to exempt those to whom the proceeds are given, whether a designated beneficiary or the persons entitled under the deceased contributor's will or the intestate laws.

Illustrative of a statute of exemption upon which *Tack's Estate,* supra, has no impact is *Schmuckli's Estate,* 341 Pa. 36, 17 A. 2d 876. An Act of the Congress[6]

---

[6] World War Adjusted Compensation Act of May 19, 1924, c. 157, 43 Stat. 121.

granted a bonus to members of the armed services who served in World War I, a bonus payable to the veteran twenty years after date of the certificate, or, upon the veteran's prior death, to a named beneficiary, or, in the absence of a surviving named beneficiary, to the veteran's estate. As amended,[7] the Act provided: "No sum payable under this Act to a veteran or his dependents, or to his estate, or to any beneficiary named . . . shall be subject to . . . National or State taxation, . . . ." In holding that the value of such bonds held by a deceased veteran at the time of his death was not subject to inheritance taxation by the Commonwealth, this Court, noting that it was in full agreement with the principles enunciated in *Tack's Estate,* stated: "That principle has no application here, for Congress has endowed these bonds with special characteristics which show a clear intent, particularly since the veteran did not exercise his right to redeem the bonds during his lifetime, *that the estate was used as a mere conduit* through which the gratuity was to pass to the ultimate donees thereof." (Emphasis supplied).

Lastly, it is highly significant that the legislature, in its description of the taxes to be exempted, stated that the exemption was to be extended to *any* state tax. The word "any" is generally used in the sense of "all" or "every" and its meaning is most comprehensive: *Hoffmann Estate,* 399 Pa. 96, 100, 160 A. 2d 237; *Beaver Falls B. & L. A. v. Allemania Fire Insurance Co.,* 305 Pa. 290, 295, 157 A. 616; *Glen Alden Coal Company v. Scranton City,* 282 Pa. 45, 48, 127 A. 307. Cf.: *Benat v. Mutual B. H. & A. Association,* 191 Pa. Superior Ct. 547, 552, 159 A. 2d 23. Construed in connection with the other language employed in §18 and other provisions of the Act, the legislative employment of the word "any" adds further emphasis to the conclusion

---

[7] Act of July 3, 1926, c. 751, §3(a), 44 Stat. 827.

that it was the legislative intent to exempt the proceeds of the Fund from *all* taxes, whether such taxes be on the property, the transfer of such property or on the privilege of succession after death to such property. See also: *Simpson,* supra.

Section 18 indicates a clear legislative purpose to exempt from inheritance taxation proceeds received from the Fund by the persons who possess the right of succession to such proceeds upon the death of the contributor to the Fund. The legislative purpose is that, in the absence of a living designated beneficiary, the proceeds of the Fund are to go, free of inheritance taxation, to those who, either under the Wills Act or the Intestate laws, are to take distribution of the deceased contributor's assets and the estate is merely a "conduit" through which such persons receive the proceeds. Unlike *Tack's Estate,* that which §18 exempts is *the right of succession* to the proceeds of this Fund.

Decrees affirmed. Each party to pay own costs.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

Section 18 of the Public School Employes' Retirement Act states as follows: "The *right* of a person to an employe's annuity, a State annuity, or retirement allowance, to the return of contributions, any benefit or right accrued or accruing to any person under the provisions of this act, and the moneys in the fund created under this act, *are* hereby exempt from any State or municipal tax, and exempt from levy and sale, garnishment, attachment, or any other process whatsoever, and shall be unassignable, except as in this act specifically otherwise provided. . . ." (Emphasis supplied.)

The majority of this Court apparently read "The *right* of a person" as being limited by six succeeding categories, i.e., "The *right* of a person to" (a) an employe's annuity, (b) a State annuity, (c) a retire-

ment allowance, (d) a return of contributions, (e) any benefit, etc., (f) the monies in the Fund "are exempt."

I disagree. The provision quoted is hardly a model of proper sentence structure; but I conclude that, correctly read, it means that three categories are exempt from tax, levy, sale, etc.: (1) the right of a person to an employe's annuity, a State annuity, a retirement allowance or a return of contribution; (2) any benefit or right accrued or accruing to any person under the provisions of the Retirement Act; (3) the moneys in the Fund created under the Retirement Act.

My conclusion on this point of construction is supported by several factors. First, the verb in the above-quoted exemption provision is the plural "are" (i.e., ". . . are hereby exempt from. . ..") ; read as the majority would have it, the provision must contain the singular verb "is". Second, my conclusion is consonant with traditional exemption clauses; that is, the property itself is exempt from tax, not necessarily its transfer, etc. (subject here, however, to the apparent intent of the second category of exemption to free from inheritance tax the direct receipt of benefits by a specifically designated beneficiary). See *Tack's Estate,* 325 Pa. 545, 191 Atl. 155 (1937). Third, under the Inheritance and Estate Tax Act of 1961, §316, retirement benefits paid to the decedent's estate are subject to inheritance tax when ultimately received by the heir or legatee; and the comments to this section indicate that the provision conforms to existing law (both decedents in the present appeal died prior to the time the Act of 1961 took effect and would be subject to the inheritance tax provisions of the Act of 1919—the "existing law"). Fourth, the reasoning of the majority leads to some absurd results. For example, suppose a school employee retires and receives a retirement allowance under the Act of 1917. Suppose, further, he carefully places each and every periodic payment in a

savings account and inserts a provision in his will making a specific bequest of the "retirement moneys in the savings account." Can it be doubted that such a bequest is subject to inheritance tax? I think not, but the majority would raise such a doubt. For example, also, suppose an employee dies while in service and actually has designated his estate as beneficiary. The retirement moneys credited to him are paid by the Fund to his estate. Are such moneys still exempt from claims of the decedent's creditors? I cannot believe so, but the majority apparently would so hold.

In short, I believe §18 was intended only to exempt from tax rights and moneys while held by the Fund itself for someone. Once the moneys are paid from the Fund, they enjoy no special privilege. Receipt from the Fund itself is explicitly freed from inheritance tax, whether received by specific persons or by the estate; but receipt thereafter from the estate is taxable. In this light all of the Commonwealth's argument here about the true nature of the inheritance tax is beside the point. At this late date it seems quite clear that it *is* a tax, a tax on the privilege of inheritance; and as such it is included within the breadth of §18 of the Retirement Act as well as any other tax. Therefore, the benefit or right accruing to a person (be he individual or the estate) to receive retirement funds, in cases like the present ones, from the Fund itself upon the death of an employee is exempt from inheritance tax. The right or privilege of a person to inherit or take from the estate itself moneys which were formerly in the Fund is not exempt. Hence, I would hold the assets involved in the estates here subject to appraisement for inheritance tax purposes and must dissent.