## Stegmaier Estate.

Argued November 29, 1966.   Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Francis J. Gafford,* Deputy Attorney General, with him *George B. Ritchie,* Special Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellant.

*S. Keene Mitchell, Jr.,* with him *Bedford, Waller, Griffith, Darling & Mitchell,* for appellee.

OPINION BY MR. JUSTICE EAGEN, January 4, 1967:

The issue herein is whether or not certain funds are subject to payment of the Pennsylvania Inheritance Tax.

The facts stipulated of record are these: William G. Daniels, an employee of the Commonwealth of Pennsylvania, retired on September 20, 1962. He died five days later before receiving payment of any benefits due him under the provisions of the State Employes' Retirement Code, Act of June 1, 1959, P. L. 392, as amended, 71 P.S. §1725-101 et seq. Before his death, he designated three sisters, Florence C. Allen, Alice M. Daniels and

6

May D. Stegmaier, as beneficiaries of any unpaid benefits due him at the time of his death. Each was to receive one-third of the amount due. This totalled $7360.44 in each instance, since he had $22,081.32 in the fund at the time of his death. Florence C. Allen and Alice M. Daniels each elected to receive and were paid their respective shares in a lump sum. However, May D. Stegmaier elected[1] to leave her share in the State Retirement Fund, and to receive it in the form of a five-year annuity payable in monthly installments of $135.28 each.

At the time of the above election, May D. Stegmaier designated that in the event of her death, any balance of her share remaining unpaid should be paid to her sister, Alice M. Daniels. May D. Stegmaier died March 11, 1964. As of that date, the sum of $5,033.63 remained unpaid. However, since the designated beneficiary, Alice M. Daniels, predeceased her in death (having died on October 23, 1963), the Commonwealth in accordance with the directions of the code paid the balance due to the administrator of May D. Stegmaier's estate.

The above asset was reported by the administrator in his inventory and tax return as not taxable. The Commonwealth assessed inheritance tax thereon. The court below sustained the administrator's position and ruled the funds were not subject to the tax. The Commonwealth appeals.

Determination of the issue presented depends upon the correct interpretation and construction of §803 of the Act of 1959, supra, 71 P.S. §1725-803, which provides in relevant part as follows: "[A]ny benefit or right accrued or accruing to any person under the provisions of this act, and the moneys in the fund created

---

[1] Under Option (1) provided for in the Act of 1959, supra, §404, 71 P.S. §1725-404.

under this act, are hereby exempt from any State or municipal tax. . . ."

In *Belefski Estate,* 413 Pa. 365, 196 A. 2d 850 (1964), we ruled that where the proceeds of the State Retirement Fund are paid to the legal representative of the estate of a deceased contributor to that fund, and thereafter pass to those who take from him either by will or by operation of the intestate laws, said funds are included within the exemption and not subject to the Pennsylvania Inheritance Tax.

The Commonwealth contends that the instant situation is factually different and not necessarily controlled by *Belefski,* supra. With this we agree. The Commonwealth further contends that the fund involved herein had already reached control of the contributor's beneficiary, May D. Stegmaier, and it was not intended by the legislature to extend the exemption to the funds when paid to the legal representative of the estate of the deceased beneficiary, and thereafter to those entitled thereto under the beneficiary's will, or by operation of the intestate laws. This may have been the intention of the legislature, but this is not what it said in the controlling statutory provision.

It must be emphasized, the money involved was still held by the State Retirement Fund when May D. Stegmaier died. It grew no larger as a result of remaining in the fund after the contributor's death. To repeat, §803, provides that, "any benefit or right . . . accruing to *any person* (emphasis added) . . . are hereby exempt from any State . . . tax. . . ." This is certainly clear and unambiguous. The exemption applies to "any person" who receives money from the fund and is not restricted to the designated beneficiary.

It is fundamental that in ascertaining the legislature's intent, the plain words of its laws may not be ignored. Also, when the words of a law are clear and

8

free from all ambiguity, they may not be disregarded. See, Statutory Construction Act, Act of May 28, 1937, P. L. 1019, §§51 and 52, 46 P.S. §§551 and 552. See also, *Milk Control Comm. v. Penn Fruit Co.*, 410 Pa. 242, 188 A. 2d 705 (1963), and *Davis v. Sulcowe*, 416 Pa. 138, 205 A. 2d 89 (1964).

Decree affirmed. Costs on the Commonwealth.

Mr. Justice ROBERTS dissents.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

A, an employee of the Commonwealth, retires and names B, C, and D as his beneficiaries; C and D each take their respective shares in cash but B elected to have her share remain in the State Retirement Fund in the form of an annuity as permitted. B dies while there are still unpaid accumulations due her, which undistributed payments are then paid to B's administrator and, under the Intestate Laws of the Commonwealth of Pennsylvania, are distributed to her intestate heirs.

The majority interprets §803 to apply "to 'any person' who receives money from the fund and is not restricted to the designated beneficiary." But the heirs of B do not receive the money from the fund. The heirs of B receive the money from the estate of the beneficiary and hence do not come within the exception provided for in §803. Nor do the heirs of B receive "any benefit or right . . . accruing to any person" under the provisions of the retirement act. The right of B's heirs to the moneys accrue through the intestate laws of the Commonwealth.

I dissented in *Belefski Estate*, 413 Pa. 365, 196 A. 2d 850 (1964), and do so here even though I disagree with the Commonwealth that that decision does not control.

I dissent.