**Campion Estate**

*Roy S. F. Angle*, for estate.
*Robert W. Costigan*, for devisees.

KELLER, *J.*, April 14, 1977—Mary L. S. Osborne Campion had her will and first codicil dated January 1971, and the second codicil dated January 31, 1972, prepared by her Hagerstown, Washington County, Maryland, attorney. She died on April 13, 1972, and letters testamentary on her estate were granted to Oscar E. Lohman and Harvey M. Miller by the Register of Wills for Washington County, Maryland, on May 8, 1972. The Register of Wills of Franklin County, Pa., granted ancillary letters testamentary on decedent's estate to Oscar E. Lohman and Harvey M. Miller on September 29, 1972. Decedent was a resident and domiciliary of the State of Maryland. She owned assets in a number of states, including Maryland and Pennsylvania, and real estate in Maryland and Pennsylvania and several other jurisdictions.

The will provides inter alia:

"Item 8: I give and bequeath to my good friend, Margaret Barrie Gallagher, the home in which she and her husband now reside being the half of a double two story house of brick and stone construction, containing six rooms and bath, and being now designated as No. 3017 Cottman Street, Philadelphia, Pennsylvania, if she be living at the time of my death and at the time of the first distribution of

my estate. If she shall have predeceased me, or shall have died prior to the first distribution of my estate, said property shall become a part of the residue of my estate and be disposed of therewith as hereinafter provided.

"Item 9: If the said Margaret Barrie Gallagher shall have predeceased me, or shall have died prior to the first distribution of my estate, and her husband, Charles Gallagher, be living at the time of my death and at the time of the first distribution of my estate, I give and bequeath the sum of Three Thousand ($3,000.00) Dollars to her said husband. If he shall have predeceased me, or shall have died prior to the first distribution of my estate, said sum shall become part of the residue of my estate and be disposed of therewith as hereinafter provided."

Item 14 of the will provides inter alia: "And I give and bequeath all the rest and residue of the proceeds of my estate and property, *after the bequests above provided for and the payment of all costs and expenses incident to the execution of the powers herein contained and the settlement of my estate* in equal shares as follows:" (Italics supplied.)

After the appointment of her executors and alternate executor, the testatrix specifically provided: ". . . and I direct that they be allowed as compensation for their services as Executors net commissions of four (4%) per centum (each two per centum) of the gross value of the part of the assets of my estate administered upon by them, over and above the tax on Executors commissions as provided by law in the State where said assets are situate."

In the testatrix's second codicil, she revoked items 8 and 9, supra, and in lieu thereof substituted a paragraph designated as item 8-9:

"Item 8-9: I give and bequeath to my good friends, Margaret Barrie Gallagher and Charles Gallagher, her husband, the home in which they now reside, being the one-half of a double two story house of brick and stone construction containing six rooms and bath, and being now designated as No. 3017 Cottman Street, Philadelphia, Pennsylvania, to have and to hold as tenants by the entirety, or to the survivor of them that may be living at the time of my death and at the time for the conveyance of said home to them, or to the survivor of them, by the Executors of my Estate. If both of them shall have predeceased me, or died prior to conveyance of said home to them, or the survivor of them, (or prior to the time that title to said property shall pass to them or the survivor of them under the Laws of the State of Pennsylvania), then said home shall revert to and become a part of the residue of my estate and shall be disposed of with said residue as hereinafter provided for."

Counsel for the estate of decedent have taken the position that the Federal estate tax should be apportioned among the legatees, and Mr. and Mrs. Gallagher should be responsible for their apportioned share of the Federal estate tax and the Pennsylvania inheritance tax payable on the real estate devised to them by decedent. To the contrary, Mr. and Mrs. Gallagher and their counsel contend that the Federal estate tax and Pennsylvania inheritance tax are payable out of the residue of decedent's estate. The matter was presented to the court as a case stated and is now ripe for disposition.

Counsel for the Gallaghers contends that the Federal estate tax and Pennsylvania inheritance tax should be paid from the residue of the estate on

the alternative theories that (1) the will directed that the residue pay all such taxes; (2) Pennsylvania law should be applied to determine the allocation of the burden of death taxes and would require the payment by the residue; or (3) Maryland law does not impose liability for Pennsylvania inheritance tax on the devisees. Counsel for the estate declined to consider the first contention asserted by the devisees, and not surprisingly took the contrary position on the other two issues.

Preliminarily, we note that in items 4 through 12 of decedent's will, she made bequests of cash or real estate in the case of Mrs. Gallagher (item 8, supra), to various friends and relatives. After the distributive provision in each item, testatrix provided that if legatee predeceased her or died prior to first distribution of her estate, the sum or object bequeathed would "become a part of the residue of my estate and be disposed of therewith as hereinafter provided."

Since testatrix died a resident and domiciliary of the State of Maryland, we conclude the law of the State of Maryland would govern the interpretation of her will. We have been advised by counsel for the devisees that he has been unable to locate any case under the Maryland Apportionment Acts establishing, "what constitutes a direction by the testator to apportion taxes in a manner different from the act." Counsel for the estate have not disagreed with this assertion or cited any cases to the contrary. We, therefore, accept the statement as a correct one concerning the law of the State of Maryland. We further conclude under that circumstance that it would be appropriate to consider the law of the forum to determine whether the language adopted

by the testatrix in her will imposed the burden of the payment of Federal estate tax and Pennsylvania inheritance tax upon the residue of the estate.

In Brown's Estate, 208 Pa. 161, 57 Atl. 360 (1904), testator left the residue of his estate in trust and provided, "and after taking any and all necessary expenses, to divide the said net income in equal shares among" certain persons named. An appeal was taken from the determination of the auditing judge that collateral inheritance tax, New York State transfer tax and United States war tax would be payable out of the gross income of the estate, rather than from the principal of the estate. The Supreme Court of Pennsylvania affirmed the trial court and concluded inter alia: "It is properly conceded by the learned counsel for the appellant that the authorities sustain the proposition that the direction in the testator's will to deduct 'any and all necessary expenses' is sufficient to include the payment of the taxes charged upon the legacies."

In Jeffery's Estate, 333 Pa. 15, 3 A. 2d 393 (1939), the Supreme Court construed the language appearing in an inter vivos trust directing the trustee, "'[t]o pay out of said trust fund all costs, charges and expenses of said trust estate and of the management thereof, including court costs and attorneys' fees, and reasonable compensation . . .'" to be sufficient to authorize the payment from the corpus of the trust of that portion of Federal estate tax properly attributed to it on the death of the settlor.

In Ramsey Estate, 13 D. & C. 2d 305 (1957), the Orphans' Court of Montgomery County, Pa., was called upon to determine whether certain cash legacies were payable free of Pennsylvania transfer tax and Federal estate tax, where the will provided:

"After expenses are paid I leave to my cousins Elizabeth G. McKee and Emily C. McKee, and to my sister Emily Hamilton each three thousand dollars."

Our sister court concluded in the light of Brown's Estate, supra, and Jeffery's Estate, supra, that the word "expenses" was sufficient to include the payment of taxes charged upon the legacies and was intended to free the legacies of the inheritance tax and apportionment of the Federal estate tax.

While we recognize the will in the case at bar is not a holographic will as in Ramsey's Estate, supra, we nevertheless find the authorities above cited persuasive and controlling in the interpretation of the testamentary language, "the payment of all costs and expenses incident to the execution and powers herein contained in the settlement of my estate." We find this particularly true in the light of the dispositive scheme of: (a) Relatively modest specific devises and pecuniary legacies to good friends, a sister and a niece; (b) a specific provision for the reverter to the residue of each such devise or bequest in the event the devisees or legatees predeceased the testatrix or died prior to distribution of the property; (c) the provision incorporated in the residuary clause (item 14), ". . . after the bequests above provided for *and* the payment of all costs and expenses . . ." (italics supplied); (d) the distribution of the residue among eight nieces and nephews.

We deem it unlikely that the testatrix intended to diminish those specific bequests and legacies by inheritance or estate taxes, or in the case of the Gallaghers require the possible sale of the very gift made.

". . . [I]t is also well established that a testator

may direct, either expressly or by necessary implication, that his testamentary gifts shall be awarded to his beneficiaries without deduction for the state inheritance tax. . . . Indeed, a decedent's relief of his beneficiary from any deduction on account of state inheritance tax on his legacy may rest solely upon testamentary implication. . . . The important inquiry in any instance is whether the language of the will involved implies an intent to such effect." Wright Estate, 391 Pa. 405, 409-10, 138 A. 2d 102 (1958).

We conclude the language of Mary L. S. Osborne Campion's will and the donative scheme revealed therein is inconsistent with the executors' contention that the devises and legacies to the pre-residuary legatees and devisees were to be subject to deduction or charge for any estate or Pennsylvania inheritance tax.

Having disposed of the issue on the basis of the intention of the testatrix, it is unnecessary for us to consider the other issues raised by counsel.

### DECREE

Now, April 14, 1977, pursuant to the case stated by counsel for the parties, judgment is entered for the reasons above set forth in favor of Margaret Barrie Gallagher and Charles Gallagher. Pennsylvania inheritance tax and Federal estate tax attributed to the devise to Margaret Barrie Gallagher and Charles Gallagher shall be paid by Harvey M. Miller and Oscar E. Lohman, executors of the estate of Mary L. S. Osborne Campion.

Costs to be paid by the estate of Mary L. S. Osborne Campion.

Exceptions are granted the estate.