**[J-67-2018] [MO: Wecht, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| JP MORGAN CHASE BANK N.A. (SUBSTITUTED PLAINTIFF, GREAT AJAX OPERATING PARTNERSHIP, LP), | : | No. 6 EAP 2018 |
| | : | |
| | : | Appeal from the Judgment of Superior |
| | : | Court entered on 08/25/2017 at No. |
| Appellee | : | 470 EDA 2016 affirming the Judgment |
| | : | entered on 02/22/2016 in the Court of |
| | : | Common Pleas, Philadelphia County, |
| v. | : | Civil Division at No. 03473 July Term |
| | : | 2013. |
| | : | |
| KENNETH J. TAGGART, | : | ARGUED:  September 26, 2018 |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| | : | |

**CONCURRING OPINION**


**JUSTICE MUNDY**                                         **DECIDED:  February 20, 2019**

I join the conclusion of the Majority Opinion holding that Great Ajax or its predecessors failed to provide pre-foreclosure notice prior to initiating a second mortgage foreclosure action as required by the Loan Interest and Protection Law, 41 P.S. §§ 101-605 ("Act 6").  Similarly, I agree that the purposes of Act 6 are best served by requiring pre-foreclosure notice prior to each and every action in mortgage foreclosure.  I write separately, however, to voice concern over the Majority's willingness to conclude that the term "any" is ambiguous in this context and echo the relevant reasoning espoused in the Dissenting Opinion of *Snyder Bros., Inc. v. Pennsylvania Public Utility Commission*, __ A.3d __, 2018 WL 6817092, at *24 (Pa. 2018).

The preeminent duty of courts faced with statutory interpretation is to give effect to the intentions of the legislature. 1 Pa.C.S. § 1921(a). "The first and best indication of legislative intent is the language used by the General Assembly in the statute." *Matter of Private Sale of Prop. by Millcreek Sch. Dist.*, 185 A.3d 282, 290-91 (Pa. 2018). Only in limited situations, where the statute is ambiguous, may we "go beyond the text and look to other considerations to discern legislative intent." *A.S. v. Pa. State Police*, 143 A.3d 896, 903 (Pa. 2016). To do otherwise conflicts with the most basic principles surrounding the separation of powers. *Benson ex rel. Patterson v. Patterson*, 830 A.2d 966, 968 (Pa. 2003) ("[I]t is not the role of the judiciary to legislate changes the legislature has declined to adopt."); *see also Snyder Bros.*, *supra* at *24 (Mundy, J. dissenting) ("It is not the role of the judiciary to divine the intentions of the General Assembly when the text of the statute is unambiguous").

The Majority asserts that the term "any" is susceptible to at least six different meanings. Majority Op. at 11. While that may be true in the abstract, the term "any" as it is utilized in Section 403 does not stand alone; rather, it is surrounded by context which informs the definition of the term. *In re Estate of Wilner*, 142 A.3d 796, 804-05 (Pa. 2016) ("[A] principle of statutory construction is that legislative words are to be read in their context and not in isolation."); *Commonwealth v. Giulian*, 141 A.3d 1262, 1268 (Pa. 2016) (recognizing that "the same words[] placed in different contexts sometimes mean different things."). Indeed, several of the Majority's listed definitions of the word "any" are wholly incompatible in the context of the statute at issue. Majority Op. at 11 (listing possible definitions of the word "any").

Section 403 of Act 6 states, in relevant part:

> Before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation, *commence any legal action including mortgage foreclosure to recover under such obligation*, or take possession of any security of

the residential mortgage debtor for such residential mortgage obligation, such person shall give the residential mortgage debtor notice of such an intention at least thirty days in advance as provided in this section.

41 P.S. § 403(a) (emphasis added).  Both parties assert different meanings for the term "any" as used in this context.  Taggart argues that the word means "each and every," which is, as this Court has recognized, in accordance with the term's general usage and most comprehensive meaning.  *In re Belefski's Estate*, 196 A.2d 850, 855 (Pa. 1964) ("The word 'any' is generally used in the sense of 'all' or 'every' and its meaning is most comprehensive.").  Conversely, Great Ajax contends that the term refers to the kind or type of action, thus requiring only one pre-foreclosure notice for any number of complaints in foreclosure.

Great Ajax's purported definition, however, necessarily requires the addition of the words "kind or type" into the reading of Section 403.  Thus, on this basis alone, Great Ajax's proffered interpretation of the statute is not reasonable and cannot be the basis to conclude that the term "any" is ambiguous as used in Section 403.  *See Giulian*, 141 A.3d at 1268 (criticizing the Superior Court for reading words into a statute and noting "we have stressed courts should not add, by interpretation, a requirement not included by the General Assembly[]" when interpreting statutes); *Kmonk-Sullivan v. State Farm Mut. Auto. Ins. Co.*, 788 A.2d 955, 962 (Pa. 2001) (recognizing that "although one is admonished to listen attentively to what a statute says; one must also listen to what it does not say."); *Commonwealth v. Rieck Inv. Corp.*, 213 A.2d 277, 282 (Pa. 1965) ("[I]t is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include").

It would be imprudent, and contrary to *stare decisis*, for this Court to deem a statute ambiguous every time the General Assembly utilizes a term, which, in the abstract, is susceptible to more than one definition.  *Warrantech Consumer Prods. Servs., Inc. v.*

*Reliance Ins. Co. in Liquidation*, 96 A.3d 346, 354 (Pa. 2014) ("Only when the words of a statute are not explicit may a court resort to the rules of statutory construction . . . . A statute is ambiguous when there are at least two *reasonable* interpretations of the text under review.") (emphasis added, citations omitted); *see also A.S.*, 143 A.3d at 905-06; *Del. County v. First Union Corp.*, 992 A.2d 112, 118-19 (Pa. 2010); *Commonwealth v. Office of Open Records*, 103 A.3d 1276, 1285 (Pa. 2014) (rejecting the argument that the statute is ambiguous because "the notion that this language is ambiguous depends upon improperly viewing it in isolation.").

Here, I do not find Great Ajax's proffered interpretation of the term "any legal action" reasonable or supported by the text of the statute, nor do I find the term "any" to be ambiguous given the context surrounding the phrase. *See Estate of Wilner*, 142 A.3d at 804-05; *Giulian*, 141 A.3d at 1268. As a result, the plain language of the statute should control, because "[t]he statute's plain language generally provides the best indication of legislative intent." *McGroy v. Commonwealth, Dep't, of Transp.*, 915 A.2d 1155, 1158 (Pa. 2007); *see also Pa. Fin. Responsibility Assigned Claims Plan v. English*, 664 A.2d 84, 87 (Pa. 1995) ("Where the words of a statute are clear and free from ambiguity the legislative intent is to be gleaned from those very words.") Thus, because I conclude that the term "any legal action" as it appears in Section 403 plainly and unambiguously refers to "each and every" individual legal action subject to the provisions of Section 403, I concur.