In the Matter of the Estate of LAURA MORRISON, Deceased.

Surrogate's Court, New York County, June 25, 1927.

**Taxation — transfer tax — money paid to executrix from teachers' retirement fund is not taxable — Greater New York charter, § 1092, subds. O and W, construed and applied.**

The decedent was a teacher in the public schools of New York city. At the time of her death there was a sum of money due from the teachers' retirement fund. That money, which has been paid to the executrix, is exempt from transfer taxes under a proper construction of subdivisions O and W of section 1092 of the Greater New York charter.

APPEAL from order fixing transfer tax.

*Richard Kelly*, for the petitioner.

*Charles A. Curtin*, for the State Tax Commission.

O'BRIEN, S.  This is an appeal by the sister of the decedent individually and as executrix of the estate from the order assessing the transfer tax on the ground that the appraiser has included among the taxable assets the sum of $16,338.60 paid to the executrix of the estate from the teachers' retirement fund.  The decedent died a resident of this State on June 5, 1926.  She was a retired teacher in the public schools of New York city.  On May 24, 1926, her application for retirement from active service was duly approved and a service retirement allowance of $1,447.56 per annum was duly authorized by the teachers' retirement board to be paid to her in monthly installments and it was further determined that in the event of her death there should be paid to her estate an amount equal to $16,338.60 less the aggregate amount of the total retirement allowance payments paid to her prior to her death. The decedent died before receiving the first retirement allowance payment and thereupon there became payable to her estate the sum of $16,338.60 which was paid to the executrix of the estate.

The appeal is sustained.  The decedent, upon her application for retirement from service, selected option 1 pursuant to subdivision O of section 1092 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1920, chap. 784).  This option is defined as follows:

" Option 1. If he die before he has received in payments the present value of his annuity, his pension, or his retirement allowance, as it was at the time of his retirement, the balance shall be paid to his legal representatives or to such person, having an insurable interest in his life, as he shall nominate by written designation duly acknowledged and filed with the retirement board."

The decedent not having designated any person to receive the balance of her retirement allowance, said balance was, pursuant to the above option, paid to the executrix of her estate as aforesaid.

Subdivision " W " of section 1092 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1917, chap. 303) provides as follows:

" W. The right of a person to a pension, an annuity, or a retirement allowance, to the return of contributions, the pension, annuity, or retirement allowance itself, any optional benefit, any other right accrued or accruing to any person under the provisions of this act, and the moneys in the various funds created under this act, are hereby exempt from any State or municipal tax, and exempt

from levy and sale, garnishment, attachment, or any other process whatsoever, and shall be unassignable except as in this act specifically otherwise provided."

The transfer tax is defined in *Matter of Penfold* (216 N. Y. 163) as follows: " The transfer tax is not a tax upon property but upon the right of succession to property. (*Matter of Gihon*, 169 N. Y. 443; *Matter of Dows*, 167 N. Y. 227, 231.) It is upon the right to receive an estate or a portion thereof." (See, also, *Plummer v. Coler*, 178 U. S. 115.)

Subdivision " W " of section 1092 of the Greater New York charter, above quoted, exempts from taxation not only the right of the teacher to the proceeds of the pension, annuity or retirement allowance, but also " *any other right accrued or accruing to any person under the provisions of this act * * *.*"

The right of the legal representatives of the teacher to receive the payments specified by the said subdivision is a right which accrues to them under the provisions of the said act and any tax upon the transfer to them of the payments in question is clearly prohibited by the act itself.

As there is nothing in the Tax Law which evidences an intent to repeal the exemption provided for in the above-quoted provisions of the Greater New York charter, I hold that effect must be given to this special exemption. (*Matter of Montefiore Home* v. *Prendergast*, 159 App. Div. 644; affd., 211 N. Y. 549.)

Submit order on notice modifying the taxing order in accordance with this decision.