[Civ. No. 20385.   First Dist., Div. Three.   Oct. 15, 1962.]

Estate of BURTON J. WYMAN, Deceased.   ALAN CRANSTON, as State Controller, Petitioner and Respondent, v. ADELE F. WYMAN, Objector and Appellant.

*Retired Justice of the Supreme Court sitting pro tempore under assignment by the Chairman of the Judicial Council.

Glicksberg, Glicksberg & Goldberg and Lawrence Goldberg for Objector and Appellant.

Charles J. Barry, Chief Inheritance Tax Attorney, and Newell C. Barnett, Associate Inheritance Tax Attorney, for Petitioner and Respondent.

DEVINE, J.—A question of law only is presented in this case, the facts being undisputed. On May 2, 1960, Burton J. Wyman, referee in bankruptcy for the United States District Court for the Northern District of California, died, and upon his death his widow became entitled to a survivor's annuity from the United States Civil Service Commission, to continue until her death or remarriage. By written stipulation of the parties, it is agreed that the annuity is a benefit accruing to the widow under the provisions of the Civil Service Retirement Act, a public retirement system for employees of the federal government. The inheritance tax appraiser listed the annuity as taxable and valued it at $29,145.14. Objection was made to the report of the inheritance tax appraiser because of the inclusion of the annuity as a taxable

item. The objection was overruled and the report was approved by the superior court, and the widow, as executrix and as distributee, appeals from the order.

In 1956, there was enacted section 13880 of the Revenue and Taxation Code, which reads as follows: "The right of any person to a pension, retirement allowance, return of contributions, the pension, retirement allowance, any optional benefit, or any other right accrued or accruing to any person under any public retirement system is exempt from the tax imposed by this part." Appellant's argument has the stark simplicity of a syllogism: any right accrued or accruing to any person under any public retirement system is exempt; but the right of appellant has accrued to her under a public retirement system; therefore the right is exempt. It is argued by respondent, the State Controller, that one of the terms of the major premise must be interpreted by the court otherwise than according to its literal meaning; that is, that the term "any public retirement system," as used in the statute, means "any public retirement system established by the State of California or by any of its agencies or political subdivisions."

This proposition at once appears to transgress the circumscription of the court's function of construction of statutes as contained in section 1858 of the Code of Civil Procedure, which reads: "In the construction of a statute or instrument, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all."

We recognize the rule contained in authorities cited by respondent (*Warner* v. *Kenny,* 27 Cal.2d 627, 629 [165 P.2d 889] ; *Dempsey* v. *Market Street Ry. Co.,* 23 Cal.2d 110, 113 [142 P.2d 929] ; 45 Cal.Jur.2d, § 116, p. 625, § 130, p. 637), that statutes must be interpreted in such manner as to render their operation reasonable and fair rather than absurd or unjust, and that this is true even if it is necessary to depart from the literal meaning of the words used. We find nothing in the statute herein, however, which demands a construction other than that of literal meaning, in order to avoid absurdity or injustice, and we set forth our reasoning first, the positive side, in support of the literal meaning, and second, in considering the considerations put before us by respondent.

■ To begin with, we make reference to the proposition that if a statute announces a general rule and makes no exception thereto, the courts can make none. (*Stockton Theatres, Inc.* v. *Palermo,* 47 Cal.2d 469, 476 [304 P.2d 7].)

■ The dictionary definition of the word "any" as "all," was applied in the case of *Emmolo* v. *Southern Pac. Co.,* 91 Cal.App.2d 87 [204 P.2d 427], to section 486 of the Civil Code (now section 7604 of the Public Utilities Code), so that the requirement of warning by a locomotive at "any" street, road or highway was held to apply to private as well as to public roads. In *Powell* v. *Allan,* 70 Cal.App. 663 [234 P. 339], where a statute required that "any bonds" (street improvement bonds) not sold within a specified period be turned into a certain fund, the court construed the word "any" to mean "all." Similar construction was given to penal statutes containing the word "any" in *Doble* v. *Superior Court,* 197 Cal. 556 [241 P. 852], and *People* v. *Shah,* 91 Cal.App.2d 716, 721 [205 P.2d 1081].

Perhaps as persuasive as the above cases is one in which the Supreme Court came to its conclusion upon the meaning of a tax statute relating to public retirement funds, in part by reference to omission from the statute of the word "any," namely *Estate of Simpson,* 43 Cal.2d 594 [275 P.2d 467, 47 A.L.R.2d 991]. Government Code section 31452, as it read at the time of the decision, exempted rights and moneys accruing under county employees' retirement plans from taxation. It was held that the exemption did not include inheritance tax, because this is not a tax on the property itself, but on the privilege of succeeding to the property. In the course of its reasoning (at pp. 599, 600), the court distinguished the New York statute, which was construed by the courts of that state as exempting public retirement benefits from inheritance taxation (*In re Morrison's Estate,* 130 Misc. 438 [224 N.Y.S. 346]; *In re Fischer's Estate,* 132 Misc. 204 [229 N.Y.S. 826], affd. 229 N.Y.S. 855), in that the New York statute exempted from *any* state or municipal tax. The Supreme Court pointed out that the word "any," used in the New York statute, was broad enough to comprehend, in its enlarged and plural sense, all state and municipal taxes, without limitation, citing the cases of *Doble* v. *Superior Court, Powell* v. *Allan, People* v. *Shah, supra;* that the Legislature of California presumably knew the existing laws and decisions, and that presumably the Legislature omitted the word "any" deliberately.

Following the 1954 decision in *Estate of Simpson,* the Legislature not only amended section 31452 of the Government Code in 1955, to express exemption of county employees' retirement rights and funds as embracing "any inheritance tax," but also enacted, in 1956, section 13880 of the Revenue and Taxation Code, in which there is a studious use of the word "any," for the statute exempts from inheritance tax the right of *any* person to a pension, etc., *any* optional benefit, or *any* other right accruing to *any* person under *any* public retirement act. ▆▆ Since it is presumed that the Legislature knew the previous law and decisions, including the rule in *Estate of Simpson* (45 Cal.Jur.2d, § 101, p. 615), it appears that the repeated and careful use in the statute of the word "any" was intended to avoid limitation of the words modified by the word (therein used as an adjective) "any."

▆▆ It cannot be gainsaid by the respondent that the annuity accrues under the provisions of a public retirement system, for this was agreed by the parties in the stipulation referred to above, but respondent contends that the exemption embraces only public retirement systems of the state and of its agencies and subdivisions; and we turn to a consideration of respondent's two arguments. The first is that the history of the legislation on the subject sustains respondent's interpretation. Following the decision in *Estate of Simpson,* the Legislature made several changes for the purpose of including exemptions from inheritance tax, namely, the amendment to section 31452 of the Government Code, referred to above, applying to the County Employees' Retirement Law; the enactment of section 21200.5 of the Government Code, a new section, to extend the exemption to the State Employees' Retirement Law; and the enactment of section 14278 of the Education Code, a new section (now section 13836 of the Education Code since recodification in 1959), to make the exemption applicable to payments under the State Teachers' Retirement Law. It is argued by respondent that as a result of these actions by the Legislature, public pension exemptions from inheritance tax were established in widely separated California codes, but no such exemption was contained in the inheritance tax law itself, and that in order to remedy this situation, and to cover all public pensions specifically exempted from inheritance tax in other California codes, the Legislature enacted the statute which is the subject of this case, namely, section 13880 of the California Revenue and Taxation Code. Thus, argues respondent, there was no in-

tention of the Legislature to enlarge the application of the exemption. We do not accept this interpretation. In the first place, section 13880 contains no limitation in its reference to any public retirement system, and limitation could have been expressed very simply and succinctly. We note, besides, that the three specific statutes which were passed or amended in 1955 have not been repealed or amended since that time. This would give some evidence that the Legislature intended to go beyond the specifically described exemptions. Indeed, respondent concedes, by his counsel, that the exemption in section 13880 includes rights and funds accruing under retirement plans for employees of cities within the state, under the comprehensive reference to ''any public retirement system,'' although exemption for city pensions is not specified in any state statute. The intention of the Legislature then was not merely to draw together theretofore existing exemptions.

The second argument of respondent is that the Legislature must be assumed to have had in mind a benefit to the State of California, not to the federal government or to the governments of other states and nations. The purpose, says respondent, could not have been to benefit the recipients of the pension plans because, had that been so, the statute would have included recipients of private as well as public plans, else the statute would be of doubtful constitutionality; but if the purpose is to benefit the public body paying the pension, it must surely have been the desire of the Legislature to make employment with such bodies more attractive in order to enable the public bodies to recruit and hold better employees. Competition being keen between the various governments for good employees, says respondent, the Legislature could have had in mind only a benefit to the State of California and its political subdivisions, for to hold otherwise would impute to the Legislature a desire to benefit the federal government and the various governments of other cities and foreign countries, at the expense of the government of California and its political subdivisions.

We put to one side, as unnecessary to the disposition of this argument, the point that the Legislature could not have intended a benefit to the recipients. ■ We cannot then accept, however, the proposition that the State of California could not have been willing to extend the exemption for the benefit of the United States Government, the employer of decedent. We find the exemption in another part of the law,

that dealing with execution and attachment. Section 690.22 of the Code of Civil Procedure exempts from execution or attachment "[a]ll money received by any person, a resident of the State, as a pension, or retirement or disability or death or other benefit, *from the United States Government,* or from the State, or any county, city, or city and county, or other political subdivision of the State. . . ." (Emphasis added.) Whether this exemption is intended to benefit the employee or the federal government is of no moment; the fact is that the Legislature, in the matter of execution and attachment, manifested its intention to make the exemption applicable to federal pensions, despite whatever competition there may be between the two governments to obtain employees. We find nothing which would make it impossible for the Legislature to have created a like exemption as a matter of comity, although not necessarily of reciprocity, for the benefit of the government of the United States, at least, if not directly for that government's officers and employees.

If the Legislature, in using the comprehensive language contained in section 13880 of the Revenue and Taxation Code, has gone beyond what it intended to do, it can make whatever corrections it desires. For the court to attempt to accept the limitation proposed by respondent would require either conjecture as to the Legislature's intention, or judicial legislation.

The order overruling objections to the report of the inheritance tax appraiser and fixing the inheritance tax is reversed.

Draper, P. J., and Salsman, J., concurred.