[Civ. No. 14571. Fourth Dist., Div. One. Mar. 29, 1977.]

LAKESIDE FEDERATION OF TEACHERS, LOCAL 2358,
Plaintiff and Respondent, v.
BOARD OF TRUSTEES OF THE LAKESIDE UNION SCHOOL
DISTRICT, Defendant and Appellant.

**610**

## COUNSEL

Robert G. Berrey and Donald L. Clark, County Counsel, and Leonard W. Pollard II, Deputy County Counsel, for Defendant and Appellant.

Leon Jancek for Plaintiff and Respondent.

## OPINION

WHELAN, J.*—The Board of Trustees of Lakeside Union School District (Board) has appealed from a judgment entered April 9, 1975, that a peremptory writ of mandate issue directing Board to pay an amount to be determined as a teacher's salary during a period when she did not work because of illness.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

The facts in this case are not in dispute. Gertrude Maas was a certified, tenured teacher employed by respondent Lakeside Union School District (District) since 1959. On April 15, 1974, she signed a contract, her 15th consecutive contract with the District, for the school year 1974-1975. The school year is from July 1 through June 30. She was assigned to teach in the year-round school program and was scheduled to work on July 1, 1974. Maas reported for work June 25, 1974, and was unable to work after that date. Due to illness she did not report on July 1 as scheduled. On July 17, 1974, the District received a letter from R. E. Saar, M.D., stating that Maas was disabled but should be able to return to work in mid-February 1975. She had no accumulated sick leave at the commencement of the 1974-1975 school year.

Maas resigned from tenure as a teacher in the District effective January 31, 1975, which resignation of tenure was accepted by Board on January 23, 1975.

Maas was paid by check, one-twelfth of her annual salary ($1,296.56) at the end of July 1974. She cashed the check. Later District requested the check be returned and informed her she should have received payment for only 10 days of current sick leave, and that she had received an overpayment of $420.66. No further pay warrants were sent to her, and she did not repay the overpayment. Maas did not report for work at any time during the 1974-1975 school year.

In December 1974, petition for writ of mandate was filed on her behalf by Local 2358, Lakeside Federation of Teachers (the Local) to command salary payments.

Apart from facts found by the trial court included among those recited above, the relevant finding upon which the judgment is based is this: "Petitioner's claim is supported by her contract of employment for the school year 1974-75."

Based upon the facts found, the trial court concluded: "Gertrude Maas has earned and is entitled to receive her salary from July 1, 1974 through January 31, 1975, less the sum which was actually paid a substitute employee employed to fill her position during her absence or, if no substitute employee was employed, the amount which would have been paid to the substitute had he been employed, pursuant to Education Code Section 13467."

The statutes dealing with leave of absence for illness of teachers in public schools are Education Code sections 13467 and 13468, which respectively read:

"§ 13467. When a person employed in a position requiring certification qualifications is absent from his duties on account of illness or accident for a period of five school months or less, whether or not the absence arises out of or in the course of the employment of the employee, the amount deducted from the salary due him for any month in which the absence occurs shall not exceed the sum which is actually paid a substitute employee employed to fill his position during his absence, or, if no substitute employee was employed, the amount which would have been paid to the substitute had he been employed. The school district shall make every reasonable effort to secure the services of a substitute employee.

"The governing board of every school district shall adopt a salary schedule for substitute employees. The salary schedule shall indicate a salary for a substitute for all categories or classes of certificated employees of the district.

"Excepting in a district the governing board of which has adopted a salary schedule for substitute employees of the district, the amount paid the substitute employee during any month shall be less than the salary due the employee absent from his duties.

"When a person employed in a position requiring certification qualifications is absent from his duties on account of illness for a period of more than five school months, or when a person is absent from his duties for a cause other than illness, the amount deducted from the salary due him for the month in which the absence occurs shall be determined according to the rules and regulations established by the governing board of the district. Such rules and regulations shall not conflict with rules and regulations of the State Board of Education.

"Nothing in this section shall be construed so as to deprive any district, city, or city and county of the right to make any reasonable rule for the regulation of accident or sick leave or cumulative accident or sick leave without loss of salary for persons requiring certification qualifications.

"This section shall be applicable whether or not the absence from duty is by reason of a leave of absence granted by the governing board of the employing district."

"§13468. Every person employed five days a week by a school district in a position requiring certification qualifications shall be entitled to 10 days' leave of absence for illness or injury and such additional days in addition thereto as the governing board may allow for illness or injury, exclusive of all days he is not required to render service to the district, with full pay for a school year of service. A certificated employee employed for less than five school days a week shall be entitled, for a school year of service, to that proportion of 10 days' leave of absence for illness or injury as the number of days he is employed per week bears to five and is entitled to such additional days in addition thereto as the governing board may allow for illness or injury to certificated employees employed for less than five school days a week; pay for any day of such absence shall be the same as the pay which would have been received had the employee served during the day. Credit for leave of absence need not be accrued prior to taking such leave by the employee and such leave of absence may be taken at any time during the school year. If such employee does not take the full amount of leave allowed in any school year under this section the amount not taken shall be accumulated from year to year with such additional days as the governing board may allow.

"The governing board of each school district shall adopt rules and regulations requiring and prescribing the manner of proof of illness or injury for the purposes of this section. Such rules and regulations shall not discriminate against evidence of treatment and the need therefor by the practice of the religion of any well-recognized church or denomination.

"Nothing in this section shall be deemed to modify or repeal any provision of law contained in Article 3 of Chapter 6 of Division 3 of the Health and Safety Code.

"The provisions of Section 13467 relating to compensation, shall not apply to the first 10 days of absence on account of illness or accident of any such employee employed five days a week or to the proportion of 10 days of absence to which such employee employed less than five days a week is entitled hereunder on account of illness or accident or to such additional days granted by the governing board."

Board recognizes that Maas might be entitled to full pay for 10 days of sick leave under section 13468, but contends the different language used in section 13467 does not allow sick leave with pay unless the teacher has earned such sick leave by the actual prior performance of duty for a period at least equivalent to that for which the leave is taken.

Board states its contentions in the following language:

"1. Section 13467 does *not* provide that leave of absence need not be accrued prior to its taking.

"2. There is no language crediting the employee with the benefits of the section 'for a school year of service' which the California Attorney General found in Section 13468 to allow taking of the leave prior to its being earned (accrual).

"3. There is no provision for accumulation of the five month part-pay · credit from year to year, to the extent it is not taken.

"Because there are no special provisions in Section 13467 which confer its benefits prior to accrual, the general rules of contract apply. The employee must report to work under an employment contract before he may receive the benefits, thereof. Respondent respectfully urges that it was not the intent of the Legislature to allow a certificated employee sick leave at half pay merely on the signing of the contract."

The rights of Maas are dependent upon the fact she was a certificated employee of District, and not upon the fact she had tenure as such. So her rights in that respect are no different from those of a probationary teacher entering upon her first year of service.

The word "certificated" is found in the black-letter heading of Education Code sections 854 and 855, and perhaps elsewhere therein. It is applied to a person employed in "positions requiring certification qualifications," that is, persons possessing credentials but not necessarily teaching.

Such nonteaching employees in positions requiring certification qualifications, if paid from the school service fund of the county, have the same right to sick leave, under Education Code sections 13453, 13466, 13467, 13468, 13468.1, 13469, 13469.1 and 13470, as those employed by a school district (Ed. Code, § 855).

Our purpose is to discover the legislative intent to be found in the language of Education Code section 13467. Bearing upon the interpretation of that section are a number of other sections of the same code. All references will be to that code unless otherwise specified.

"§ 13455. The governing board of any school district may provide for the leave of absence from duty and may grant compensation during the leave of absence to any employee of the district who is employed in a position requiring certification qualifications and who is compelled to absent himself from his duties because of accident or illness, whether or not the cause of absence arises out of and in the course of the employment of the employee, or because of quarantine which results from his contact with other persons having a contagious disease while performing his duties, or because of temporary inability to perform the services required of him because of illness, accident, or quarantine."

"§ 13469. Section 13467 shall not apply to any school district which adopts and maintains in effect a rule which provides that when a person employed in a position requiring certification qualifications is absent from his duties on account of illness or accident for a period of five school months or less whether or not the absence arises out of or in the course of the employment of the employee, he shall receive 50 percent or more of his regular salary during the period of such absence and nothing in Section 13467 shall be construed as preventing the governing board of any district from adopting any such rule.

"Notwithstanding the foregoing, when a person employed in a position requiring certification qualifications is absent from his duties on account of illness for a period of more than five school months, or when a person is absent from his duties for a cause other than illness, the amount deducted from the salary due him for the month in which the absence occurs shall be determined according to the rules and regulations established by the governing board of the district. Such rules and regulations shall not conflict with rules and regulations of the State Board of Education.

"Nothing in this section shall be construed so as to deprive any district, city, or city and county of the right to make any reasonable rule for the regulation of accident or sick leave or cumulative accident or sick leave without loss of salary for persons requiring certification qualifications.

"This section shall be applicable whether or not the absence from duty is by reason of a leave of absence granted by the governing board of the employing district."

"§ 13520. A person in a position requiring certification qualifications who serves less than a full school year shall receive as salary only an amount that bears the same ratio to the established annual salary for the position as the number of working days he serves bears to the total number of working days plus institutes in the annual school term, and any other day when the employee is required by the governing board to be present at the schools of the district. Notwithstanding any provisions of this section to the contrary, a person in a position requiring certification qualifications who serves a complete semester shall receive not less than one-half of the established annual salary for the position. This section shall not be so .construed as to prevent the payment of compensation to a person while on leave of absence when the payment of the compensation is authorized by law.

"In the event any such person dies during the school year, his estate shall be entitled to receive, as salary owed to the decedent, an amount that bears the same ratio to the established annual salary for the position as the number of working days he served bears to the total number of working days plus institutes in the annual school term, and any other day when the employee was required by the governing board to be present at the schools of the district, less any salary paid to the decedent prior to his death."

Section 13468.1 reflects that sick leave under section 13468 may be accumulated from year to year.

Section 13469.1 provides for leave or the equivalent of full pay for industrial accident or illness. Such leave does not encroach upon leave for non-industrial disability.

Both parties to this appeal cite opinions of the Attorney General as aids in interpretation. Some of such opinions in synopses are as follows:

Section 13520 providing that where employee serves less than a full school year, salary paid shall bear same ratio to establish annual salary as time served bears to annual school term, is applicable to certified employees whose contracts contemplate service for a school year as defined by section 5101 but who, due to illness persisting beyond accrued

sick leave, were absent from work in excess of accrued sick leave, only if absence exceeds five school months and governing board has not made rules and regulations pursuant to this section and section 13469, determining amount of salary to be deducted. (28 Ops.Cal.Atty.Gen. 242.)

If a teacher takes 10 days leave and subsequently fails to serve the district for full school year, the district may deduct an amount equivalent to the unearned leave from the final check payable to the teacher. (30 Ops.Cal.Atty.Gen. 78.)

If a teacher becomes ill on first day of school and subsequent to the illness she severs her employment with the district before the end of the school year, the district may deduct from her final check a prorated amount representing unearned sick leave. (*Id.*)

The Local quotes also this language, from 30 Ops.Cal.Atty.Gen. 78: " 'Certainly the Legislature may, if it desires, afford a public employee the opportunity of taking sick leave when necessary even though, as a matter of law, such leave has not been earned by the employee. Such we believe to be the legislative intent by its provision in Section 13841.1 [now 13468] that the leave need not be accrued at the time it is taken by the employee.' "

The following are also quoted by the Local:

" 'The section [13467] also expressly authorizes the district, city, or city and county to adopt reasonable rules respecting sick leave *without loss of salary.* Thus the intent seems clear to preserve the salary figure originally contracted for and to limit maximum loss to employees to the *actual expenses* caused to the district by such absence.' " (43 Ops.Cal.Atty.Gen. 284.)

" '[W]e take the premise that the primary aim of the Legislature was to afford protection to teachers who, because of illness or accident, are unable to perform their duties. Thus any construction of the statute which would unduly injure a teacher's economic status must be avoided.' " (30 Ops.Cal.Atty.Gen. 307-308.)

None of the Attorney General's opinions cited dealt with the precise question before us.

There can be no question that Maas was "a person employed in a position requiring certification qualifications."

Notwithstanding the logic of the argument based upon the differing language of sections 13467 and 13468, it would be absurd to suppose that there could be *earned* sick leave of five months in a single year. Neither the Education Code nor the Administrative Code, title 5,[1] define any rule for earning sick leave such as is found in Administrative Code, title 2, section 402, or in Government Code section 18100, which, in addition to six days allowed for the completion of the first six months of accumulated service, allows one day of sick leave for each month of service thereafter, all of which may be accumulated.

Government Code section 18101 provides that beyond accumulated sick leave there should be no sick leave with pay, except for sick leave granted by section 18102.5 at the rate of one day per month during an absence caused by industrial disability.

The fourth paragraph of Education Code section 13467 cannot reasonably be interpreted to mean that because a school district has not established rules and regulations as to "the amount [to be] deducted from the salary due" a certificated employee who "is absent from his duties on account of illness for a period of more than five school months, or . . . is absent from his duties for a cause other than illness" shall be paid any part of his salary for the period of such absence in excess of five months.

In *McNickels* v. *Richmond Unified School Dist.,* 11 Cal.App.3d 1209 [90 Cal.Rptr. 562], teachers had been absent because of being on strike. There was no question but that under section 13520 they were subject to deductions from pay because of that absence, which was "for a cause other than illness" within the meaning of section 13467.[2] ▇ The differentiation within section 13467 between the first five-month period

---

[1]Administrative Code, title 5, section 5601, contains the only mention of sick leave in title 5 and deals with the transfer of "accumulated sick leave" which it defines as "a leave of absence for illness or injury that is earned under Education Code section 13468 but unused."

[2]In *McNickels* v. *Richmond Unified School Dist., supra,* 11 Cal.App.3d 1209, 1212, the court said: ". . . the precise question now before us is whether Education Code section 13520 in 1966-1967 applied to unauthorized absences.

"The statute makes no distinction between authorized and unauthorized absences. Its general language, i.e., '[a] person . . . who serves less than a full school year shall receive as salary . . .' indicates that both are included. Appellants served 'less than a full school year.'"

and the second five-month period suggests that, in view of section 13520, any compensation for a second five-month period is solely within the discretion of the District to provide for by rule in accordance with section 13455, *supra.* That was also the opinion of the Attorney General (29 Ops. Cal. Atty. Gen. 242). Here the District had not adopted such a rule.

It is true that Maas did not obtain a formal leave of absence. No question has been raised that her disability was genuine. So far as the first five months of her absence is concerned the lack of such formal action by Board is not significant.

■ We hold that section 13467 does not depend for its operation for the first five-month period mentioned therein upon an impossible period of preservice.

The Board, of course, should be directed to calculate the amount due to Maas for the period ending November 30, 1974, based upon the salary due her less the sum actually paid any substitute teacher in the position or which reasonably would have been paid a substitute teacher, if none was employed, and also after deducting any amount already paid.

The judgment is reversed with directions to the trial court to enter a judgment in accordance with the views expressed herein. The parties shall bear their respective costs of appeal.

Ault, Acting P. J., and Cologne, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 26, 1977.