[Civ. No. 25720. Fourth Dist., Div. Two. Apr. 12, 1982.]

Estate of JAMES EARL MORRISON, Deceased.
KENNETH CORY, as State Controller, Petitioner and Appellant, v.
THELMA V. MORRISON, Objector and Respondent.

COUNSEL

Myron Siedorf, Margaret Groscup and Bettina A. Bate for Petitioner and Appellant.

Theodore J. Beall for Objector and Respondent.

OPINION

TAMURA, J.*—The sole issue on this appeal is whether Revenue and Taxation Code section 13880 offends the equal protection clauses of the federal and state Constitutions because it exempts from state inheritance tax benefits accruing under "any public retirement system" without at the same time extending a like exemption to benefits payable under a private pension plan.[1]

James Earl Morrison worked for Rockwell International and upon his death, his surviving spouse was entitled to a pension of $900 per month, the actuarial value which was calculated to be $125,965. The inheritance tax referee included the pension benefits in the inheritance tax report, exempting one-half as the surviving spouse's community property interest but imposing a tax on the remaining one-half. The surviving spouse filed an objection to the report on the ground that imposition of the inheritance tax on benefits from a private pension plan while exempting such benefits from a public retirement system violated the equal protection clauses of the state and federal Constitutions. The trial court sustained the objection on equal protection grounds and entered judgment decreeing the surviving spouse's benefits exempt from inheritance tax.

The state Controller appeals from the judgment contending (1) that private pension benefits are subject to inheritance tax where, as here,

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.

[1]Unless otherwise indicated, all section references in this opinion are to the Revenue and Taxation Code.

Section 13880 provides as follows: "The right of any person to a pension, retirement allowance, return of contributions, the pension, retirement allowance, any optional benefit, or any other right accrued or accruing to any person under any public retirement system is exempt from the tax imposed by this part."

the decedent was the employee spouse and (2) that exemption from inheritance tax of benefits from a public pension system without affording a like exemption to benefits under a private pension plan is not violative of equal protection guarantees. For the reasons expressed below, we agree with the state Controller.

■ The right of a surviving spouse to pension benefits under a private pension plan upon the death of the employee spouse is subject to inheritance tax. (*Estate of Schley* (1979) 100 Cal.App.3d 161, 167 [161 Cal.Rptr. 510].)[2] In 1956, the Legislature enacted section 13880 exempting from inheritance tax pension rights under "any public retirement system." (Stats. 1956, ch. 2, § 1, p. 121.) No exemption has been provided, however, for benefits accruing under a private pension system. Thus, the question is whether the disparate legislative treatment of benefits under public and private pension systems violates the equal protection clauses of the Fourteenth Amendment and the state Constitution.

In fashioning a scheme of taxation, the Legislature has wide latitude in making classifications and in granting total or partial exemptions on policy grounds. (*F. S. Royster Guano Co.* v. *Virginia* (1920) 253 U.S. 412, 415 [64 L.Ed. 989, 991, 40 S.Ct. 560, 562]; *Amador Valley Joint Union High Sch. Dist.* v. *State Bd. of Equalization* (1978) 22 Cal.3d 208, 233-234 [149 Cal.Rptr. 239, 583 P.2d 1281]; *Haman* v. *County of Humboldt* (1973) 8 Cal.3d 922, 925-926 [106 Cal.Rptr. 617, 506 P.2d 993].) ■ "Tax statutes are generally not subjected to close scrutiny, and distinctions can be justified on the basis of administrative convenience and promotion of legitimate state interests." (*Haman* v. *County of Humboldt, supra*, 8 Cal.3d 922, 925-926.) Legislative judgment as to the adequacy of a distinction to justify a classification for tax purposes will not be set aside on equal protection grounds unless it is palpably arbitrary. (*Amador Valley Joint Union High Sch. Dist.* v. *State Bd. of Equalization, supra*, 22 Cal.3d 208, 234; *Estate of Mears* (1979) 90 Cal.App.3d 885, 889 [153 Cal.Rptr. 566].) "'Neither due process nor equal protection imposes upon a state any rigid rule of the equality of taxation.... A legislature is not bound to tax every member of a class or none. It may make distinctions of degree having a rational basis, and when subjected to judicial scrutiny they must be presumed to rest on that basis if there is any conceivable state of facts which would support

[2]A taxable transfer to the surviving spouse does not occur, however, upon the death of a nonemployee spouse. (*Estate of Allen* (1980) 108 Cal.App.3d 614, 620-621 [166 Cal.Rptr. 653].)

it.'" (*Franklin Life Ins. Co. v. State Board of Equalization* (1965) 63 Cal.2d 222, 233 [45 Cal.Rptr. 869, 404 P.2d 477], quoting *Carmichael v. Southern Coal & Coke Co.* (1937) 301 U.S. 495, 509 [81 L.Ed. 1245, 1253, 57 S.Ct. 868, 872, 109 A.L.R. 1327]; see *City of San Jose v. Donohue* (1975) 51 Cal.App.3d 40, 45 [123 Cal.Rptr. 804]; *Ladd* v. *State Bd. of Equalization* (1973) 31 Cal.App.3d 35, 38 [106 Cal.Rptr. 885]; *Henry's Restaurants of Pomona, Inc.* v. *State Bd. of Equalization* (1973) 30 Cal.App.3d 1009, 1016 [106 Cal.Rptr. 867].)

Pension programs for public employees have been said to serve the dual purpose of inducing persons to enter and continue in public service and providing subsistence for retired or disabled employees and their dependents. (*Waite v. Waite* (1972) 6 Cal.3d 461, 473 [99 Cal.Rptr. 325, 492 P.2d 13]; *Phillipson v. Board of Administration* (1970) 3 Cal.3d 32, 49 [89 Cal.Rptr. 61, 473 P.2d 765]; *Bellus* v. *City of Eureka* (1968) 69 Cal.2d 336, 351 [71 Cal.Rptr. 135, 444 P.2d 711].) ■ The state manifestly has a legitimate interest in attracting good employees to public service be it with the state, its political subdivisions or municipalities within the state. Survivors' benefits under a public pension plan are among the most important considerations in a person's decision to enter and remain in public service. Thus, enhancement of such benefits by exempting them from inheritance tax furthers the state purpose of recruiting and retaining employees in public service. Accordingly, insofar as section 13880 exempts benefits accruing under any public employee retirement plan established by the State of California or any governmental agency within California, the exemption furthers a legitimate state purpose and justifies the classification in question.

The section 13880 exemption, however, has been broadly interpreted to extend not only to California public pension plans but to *any* public pension system, including those established by the federal government or any other state or nation. (*Estate of Wyman* (1962) 208 Cal.App.2d 489 [25 Cal.Rptr. 280].) *Wyman* held that section 13880 exempted a survivor's annuity under the Federal Civil Service Retirement Act and in so doing invited the Legislature to amend the statute if the expansive interpretation given to the word "any" was not what the Legislature intended. Since the statute has not been amended we assume that the *Wyman* interpretation comports with the Legislature's intention.

We must therefore ask ourselves what conceivable state purpose is furthered by exempting benefits payable from public retirement systems of other jurisdictions. Although the *Wyman* court was not confronted

with an equal protection challenge to section 13880, the following passage in its opinion suggests the answer: "We find nothing which would make it impossible for the Legislature to have created a like exemption *as a matter of comity*, although not necessarily of reciprocity, for the benefit of the government of the United States, at least, if not directly for that government's officers and employees." (*Estate of Wyman, supra*, 208 Cal.App.2d 489, 495; italics supplied.) The suggested answer is that the state may validly extend the exemption to survivors' benefits under public employee pension systems established by governmental bodies of other jurisdictions in the hope that those jurisdictions would grant a like exemption to benefits payable under public pension plans established in California. If as a matter of comity other jurisdictions would exempt benefits payable under any California public pension system, public service in California would to that extent be made more attractive because upon retirement employees would be able to change their domicile without incurring the risk of subjecting survivors with the burden of having to pay inheritance tax on benefits from the California public retirement system.

The comity rationale was used in *Estate of Mears, supra*, 90 Cal. App.3d 885, to justify an inheritance tax classification which granted an unconditional exemption from inheritance tax for intangible personal property owned by residents of the United States living in another state but exempted such property of a deceased resident of a foreign country only if the country of residence imposed a like tax and exempted California residents from such tax. The *Mears* court held that the objective of the exemption with respect to residents of other states was the avoidance of double taxation through comity with other states. The court noted that in a Massachusetts case involving a statute and circumstances similar to the one faced by the *Mears* court, the Supreme Judicial Court of Massachusetts "pointed out that the state may have refrained from any attempt to collect a tax 'on the transfer of intangibles of deceased residents of other States in the hope that other States would reciprocate and refrain from similarly taxing intangibles of Massachusetts decedents.... Similar 'comity' with foreign countries has no meaning when dealing with [the sharing of tax revenues].'" (*Estate of Mears, supra*, 90 Cal.App.3d 885, 890, quoting *Frost v. Commissioner of Corporations & Taxation* (1973) 363 Mass. 235 [293 N.E.2d 862, 873-874].)

For the foregoing reasons, we conclude that the classification resulting from the section 13880 exemption from inheritance tax of benefits

from *any* public retirement system without extending a like exception to benefits under a private pension plan is not palpably arbitrary and is not violative of the equal protection guarantees of the state or federal Constitutions.

Judgment is reversed.

Morris, Acting P. J., and Gardner, J.,* concurred.

A petition for a rehearing was denied May 6, 1982.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.