BILL LOCKYER Attorney General MARC J. NOLAN Deputy Attorney General
THE CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM has requested an opinion on the following question:
May the California State Teachers' Retirement System make a deduction from a member's retirement allowance and redirect the amount to a political action committee at the member's request?
 CONCLUSION
The California State Teachers' Retirement System may make a deduction from a member's retirement allowance and redirect the amount to a political action committee at the member's request so long as the California State Teachers' Retirement System requires the political action committee to pay for any additional administrative costs involved in redirecting the funds.
 ANALYSIS
As a general rule, public agencies are prohibited from using public funds to promote a politically partisan position, the election of a particular candidate, or the passage or rejection of a ballot initiative. (See Stanson v. Mott (1976)17 Cal.3d 206, 216-219; Mines v. Del Valle (1927) 201 Cal. 273, 287;League of Women Voters v. Countywide Crim. Justice CoordinationCom. (1988) 203 Cal.App.3d 529, 543-544; 88 Ops.Cal.Atty.Gen. 46, 47 (2005); 35 Ops.Cal.Atty.Gen. 112, 113-114 (1960).) We are asked to determine whether this general prohibition would preclude the California State Teachers' Retirement System (CalSTRS), a unit of the State and Consumer Services Agency (see Ed. Code, § 22001),[1] from making deductions from a member's retirement allowance and redirecting those funds to a political action committee (PAC) at the member's request. We conclude that the proposed administrative practice would not constitute an improper use of public funds so long as CalSTRS is paid by the PAC for any additional costs involved in redirecting the funds.
"A public employee's pension constitutes an element of compensation, and a vested contractual right to pension benefits accrues upon acceptance of employment. Such a pension right may not be destroyed, once vested, without impairing a contractual obligation of the employing public entity. [Citation.]" (Bettsv. Board of Administration (1978) 21 Cal.3d 859, 863; see Coryv. Valdes (1983) 139 Cal.App.3d 773, 783-784.) Pensions, or retirement benefits, are income to the recipient and subject to taxation under state and federal income tax laws. (Galloway v.Franchise Tax Bd. (1973) 31 Cal.App.3d 928, 930-931; UnitedStates v. Kaiser (1960) 363 U.S. 299, 300; see also Rev. Tax. Code, § 17071; 26 U.S.C. § 61(a); Daks v. Franchise Tax Bd.
(1999) 73 Cal.App.4th 31, 34-36; Borchers v. Franchise Tax Bd.
(1984) 151 Cal.App.3d 504, 507-508; 63 Ops.Cal.Atty.Gen. 213 (1980).) The State Teachers' Retirement Law (§§ 22000-28101) provides that retirement benefits are to be paid to a retired member or to his or her "option beneficiary"[2] through a monthly "retirement allowance." (§ 22166.)
Retirement allowance deductions may be made by CalSTRS at a member's request under the terms of section 24608, which provide:
 "(a) Persons entitled to receive allowances under the plan under this part may authorize deductions to be made from those allowances, in accordance with procedures established by the board.
 "(b) The board shall determine the additional cost involved in making deductions under this section, and may require the public agency, association, insurance carrier, or unit thereof to pay the amount of the additional cost to the board for deposit in the retirement fund to the credit of the Defined Benefit Program."[3]
In 84 Ops.Cal.Atty.Gen. 52 (2001), we considered the related question of whether a school or community college district could make employee payroll deductions and contribute them to a PAC at the request of an employee without violating the proscription against using public funds for political purposes. In the case of school and community college districts, this prohibition is codified in section 7054. In our 2001 opinion, we reasoned with respect to section 7054's prohibition:
 "School districts and community college districts have statutory authority to make employee payroll deductions for a variety of purposes, including union dues, deferred compensation contributions, life and disability insurance premiums, health insurance premiums, legal expense premiums, automobile liability insurance premiums, long-term care insurance premiums, United States savings bond purchases, and employee organization services. [Citations.] Payroll deductions for voluntary contributions to a political action committee established by an employee organization may be considered as part of the membership dues of the organization or as part of the services of the organization. [Citations.]
". . . . . . . . . . . . . . . . . . . . . . . . . .
 "Section 7054 has no application here. The `funds, services, supplies, or equipment' of a school district or community college district would not `be used for the purpose of urging the support or defeat of any ballot measure or candidate.' Rather, it would be the employees' funds that might conceivably be so used by the political action committee. The district's resources would only be affected to transfer the employees' funds to the employees' designated recipient. The district would have no control over the employees' funds other than to act as the agent of the employees' in making the transfer of the employees' funds. This is not the type of `political activity' to which section 7054's prohibition is directed. [Citations.]" (Id. at pp. 52-53.)
We believe a similar conclusion may be reached here. Although section 7054 applies to school and community college districts, rather than to CalSTRS, its prohibition largely mirrors the general proscription barring public agencies, like CalSTRS, from using public funds for political purposes. (See Stanson v. Mott,supra, 17 Cal.3d at pp. 209-210; 88 Ops.Cal.Atty.Gen., supra,
at p. 49.) As with the payroll deduction procedures at issue in our earlier opinion, the retirement allowance procedures set forth in section 24608 provide a means for CalSTRS members to redirect their own funds in the manner they see fit. We find no meaningful distinction between (1) a public employee's use of a payroll deduction program to contribute to a PAC of his or her choosing and (2) a pension recipient's use of an allowance deduction program to do the same. In both situations, the public agency has a legal obligation to pay that individual, regardless of how he or she might use the money received. It is the individual who exercises the option of using the administrative tool of a payroll or allowance deduction, authorized by statute, to dispose of his or her own funds.
It is true that in our earlier opinion, the voluntary deduction program allowed "employees to make monthly contributions to a political action committee established by the employeeorganization." (84 Ops.Cal.Atty.Gen., supra, at p. 54, italics added.) However, even if the PAC receiving retirement allowance monies under the proposed plan is not created by the member's own organization, the transferred funds would still be private, not public.
Importantly, to the extent that CalSTRS might incur additional costs in making the deductions allowed under section 24608, the State Teachers' Retirement Board is authorized to recover such additional costs "for deposit in the retirement fund to the credit of the Defined Benefit Program" (§ 24608, subd. (b)) so as to avoid any improper use of public funds in administering the deduction program.
We conclude that CalSTRS may make a deduction from a member's retirement allowance and redirect the amount to a political action committee at the member's request so long as CalSTRS requires the political action committee to pay for any additional administrative costs involved in redirecting the funds.
[1] All further references to the Education Code are by section number only.
[2] An "option beneficiary" is the "person designated by a member to receive a retirement allowance under the Defined Benefit Program upon the member's death." (§ 22149.)
[3] The "board" refers to the State Teachers' Retirement Board (§ 22109), which has exclusive control over the administration of CalSTRS funds (§ 22202).